Janet **PHILLIPS**, SSN 229–74–2786, Plaintiff,

v.

Louis W. **SULLIVAN, Secretary of Health and Human Services,** Defendant.

Civ. A. No. 87–0113–A.

United States District Court, W.D. Virginia, Abingdon Division.

Feb. 14, 1990.

Martin Wegbreit, Castlewood, Va., for plaintiff.

Kenneth Sorensen, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

### FACTS

The plaintiff, Janet Phillips, appealed to this court a decision of the Secretary of Health and Human Services ("Secretary") denying her claim for supplemental security income ("SSI") benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 *et seq.* By an Order dated February 11, 1988, the court remanded the case to the Secretary for further consideration and development as specified in the Memorandum Opinion issued the same day. Upon remand, the Secretary rendered a decision favorable to the plaintiff. On March 8, 1989, this court entered judgment in favor of the plaintiff in accordance with the final administrative decision.

On March 15, 1989, plaintiff filed an application with the court to recover attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This case is before the court in order that it may determine whether to grant the application.

### ANALYSIS

The statutory standard for determining whether the court should award EAJA fees is that they should be awarded to the victorious plaintiff "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

### *Meaning of "Substantially Justified"*

The United States Supreme Court has recently addressed the meaning of the phrase "substantially justified" in the context of this statute and has concluded that it does not mean "justified to a high degree," but rather, it means "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). This interpretation of the phrase is equivalent to the "reasonable basis both in law and fact" formulation adopted by the Fourth Circuit in *Anderson v. Heckler,* 756 F.2d 1011, 1013 (4th Cir.1985). 108 S.Ct. at 2550. The Court made it clear that simply because the government loses does not mean that its position was not "substantially justified." *Id.* at 2550, n. 2.

In the instant case, the court reviewed the decision of the Secretary denying the plaintiff's claim for SSI benefits and found that the Secretary, acting through an ad-

ministrative law judge ("ALJ"), had violated a regulation governing how the ALJ was to conduct the hearing which reached the decision. The court remanded the case back to the ALJ for further proceedings. Thus, the case turned on the interpretation and application of a regulation. The court will attempt to construct a conceptual framework, faithful to the holding in *Pierce*, to be used to determine when the government's position was substantially justified in regard to an interpretation and application of a regulation.

■ The court holds that the steps to be followed in determining whether the government's position was substantially justified are: first, does the government successfully argue that the regulation or court precedents interpreting the regulation did not clearly determine the outcome?[1] If it does, was the interpretation or application of the regulation advocated by the government one that was reasonable, even though it was not the one that the court determined was correct?[2] If the answer to both questions is yes, the government's position was "substantially justified."

■ The court, in its February 11, 1988 Memorandum Opinion, ruled that the ALJ had failed to fully develop the evidence for the plaintiff's claim as required by the regulation contained in 20 C.F.R. § 404.944. The court cited *Darnell on Behalf of Darnell v. Bowen*, 631 F.Supp. 96 (W.D.Va. 1986), a case which applied that regulation, as controlling. The first question to be answered under the test set forth above is, therefore, whether the government successfully argues that *Darnell* did not clearly control this case but that an extension of the holding in *Darnell* was necessary for the court to reach its ruling.

The facts in *Darnell* were as follows. There was evidence prior to the ALJ's hearing that the plaintiff had an I.Q. of 61. One qualifies for SSI benefits if he has an I.Q. of less than 69 and a physical or other mental impairment imposing additional and significant work-related limitation of function. 20 C.F.R., Ch. III, Pt. 404, Subpt. P, App. 1, Sec. 12.05. The court held that if an SSI claimant makes a showing that he has an I.Q. of less than 69, then the Secretary, acting through the ALJ, is required to obtain consultative medical examinations, both psychiatric and physical, to determine if the claimant has such an impairment. *Darnell*, 631 F.Supp. at 98.

The instant case involved a claim by the plaintiff that she was disabled as a result of anxiety and depression. The fact that she was suffering from anxiety and depression was corroborated by physicians who were not psychiatrists. Thus, the facts in the instant case differ from *Darnell* and the specific holding in *Darnell* did not apply. The court, applying the principles of *Darnell* and not its specific holding, held that the ALJ was required to obtain a psychiatric examination based on the facts in the instant case. Therefore, an argument possibly could have been made that *Darnell* did not clearly control the instant case. However, the government failed to make that argument.

In its brief opposing the awarding of fees, the government simply rehashes arguments which had already been rejected by the court and fails to distinguish or even mention *Darnell*. The government's refusal to acknowledge and attempt to distinguish controlling precedent, even after the court pointed out its applicability, indicates that its position was unreasonable.[3] Al-

---

1. *See Spencer v. N.L.R.B.*, 712 F.2d 539 (D.C.Cir. 1983), *cert. denied*, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984) (court held that the clarity of the governing law is appropriately considered by the court in determining whether government's position was "substantially justified").

2. It is implicit in this question that there is more than one reasonable interpretation or applica-

tion of the regulation. This logically follows from a negative answer to the first question.

3. The proper purpose of the government's brief supporting its opposition to an award of EAJA fees is not to reargue the merits of its position taken in the case; rather, it is to argue the reasonableness of its position *in light of the court's rationale for its decision*. Its goal should be not to convince the court that its decision was wrong, but to convince it that a reasonable

though the government possibly could have staked out a reasonable position in support of the denial of the plaintiff's disability claim, it failed to do so.[4]  The government has the burden of proving that its litigation position was substantially justified. *Lively v. Bowen,* 858 F.2d 177, 180 (4th Cir.1988). It has failed to meet that burden.  Therefore, the court finds that the government's position was not substantially justified and rules that the plaintiff is entitled to attorney's fees under EAJA.

### Amount of Fee

 "[A]ttorney fees shall not be awarded [under the EAJA] in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee."  28 U.S.C. § 2412(d)(1)(C)(2).  The plaintiff's attorney, Martin Wegbreit of Client Centered Legal Services of Southwest Virginia, Inc., claims that he spent 14.5 hours on this case.  The plaintiff requests that she be awarded a fee for those hours of $97 an hour.  The plaintiff's requested hourly rate includes a $22 an hour cost of living adjustment.

The plaintiff has not cited any authority which requires the court to add a cost of living increase to the hourly rate.  Therefore, the court regards whether or not to grant such an increase as discretionary. The court concludes that a $75 hourly rate is adequate and that a cost of living increase is not justified.  Therefore, the court awards a fee of $1087.50, which is based on the $75 per hour rate.

---

person, after reviewing all potentially applicable authority existing at the time the government took its position, *could* have reached the position of the government rather than the position that the court ultimately took.

4. The court, in determining whether the government's position was substantially justifiable, is to do so on the basis of the record of the case.

28 U.S.C. § 2412(d)(1)(B).  However, the court assumes that the government's brief in opposition to the award of fees has placed the government's position as contained in the record in the most favorable light and bases its decision on that brief's description of the government's position.