Timothy MAY, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.

Janet PHILLIPS, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.

Nos. 90–1735, 90–1736.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 30, 1990.

Decided June 26, 1991.

Martin Douglas Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Va., for plaintiffs-appellants.

Margaret J. Krecke, Office of Gen. Counsel, Dept. of Health and Human Services, Philadelphia, Pa., argued (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Div., Robert S. Drum, Asst. Regional Counsel, Office of Gen. Counsel, Dept. of Health and Human Services, Philadelphia, Pa., John P. Alderman, U.S. Atty., Jean M. Barrett, Asst. U.S. Atty., Roanoke, Va., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, WIDENER, Circuit Judge, and HADEN, Chief District Judge for the Southern District of West Virginia, sitting by designation.

## PER CURIAM:

In this consolidated appeal, Timothy May and Janet Phillips challenge the amount of their awards of attorneys' fees under the Equal Access to Justice Act (EAJA). Under the EAJA, a court shall award attorneys' fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district court determined that both May and Phillips were prevailing parties and that the government's position was not substantially justified. 729 F.Supp. 1571. These findings are not contested on appeal, nor does the government contest the reasonableness of the hours claimed in the fee applications. May and Phillips do, however, contend that although they were awarded attorneys' fees at the statutory rate of $75 per hour, the district court erred when it decided not to make an upward adjustment for increases in the cost of living as it was authorized to do by the EAJA. We affirm.

The EAJA provides, in relevant part, that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The district courts have discretion to determine a reasonable fee award, and we will reverse such decisions only for abuse of that discretion. *Pierce v. Underwood,* 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988).

The sole evidence offered below to justify an increase in the statutory cap was the fact that the Consumer Price Index indicated that an increase in the cost of living occurred between the enactment of the statute and the date of the fee award. The district court found that this reason alone did not warrant an increase.

May and Phillips concede that the decision to award a cost of living adjustment is within the discretion of the district court. They contend, however, that the failure to award an upward adjustment when an increase in the cost of living can be demonstrated by an increase in the Consumer Price Index, constitutes an abuse of discretion. While it is true that upward adjustments are frequently given, that fact does not translate into a requirement that they be made in all cases. In fact the cases principally relied upon by May and Phillips for the proposition that upward adjustments should be made except in unusual circumstances recognize this. See *Animal Lovers Volunteer Ass'n, Inc. v. Carlucci,*

867 F.2d 1224, 1227 (9th Cir.1989); *Baker v. Bowen*, 839 F.2d 1075, 1082–84 (5th Cir. 1988). *Bowen* specifically states that "while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely *require* it." *Bowen*, 839 F.2d at 1084 (emphasis in original). Although in slightly different context, it has been authoritatively stated that to "hold otherwise would render the cap nothing more than advisory despite Congress' expressed intent to permit higher awards only in rare cases." *Pierce*, 487 U.S. at 579–80, 108 S.Ct. at 2557 (Justice Brennan, concurring).

Simply stated, May and Phillips' request would, in effect, have us go against that intent and rewrite the statute to mandate cost of living adjustments. We decline this invitation. Congress is quite capable of requiring mandatory fee increases to account for changes in the Consumer Price Index and, as the statute quoted above shows, this it has not done. Section 2412(d)(2)(A) leaves the decision of whether to award fees in excess of the statutory cap in the sound discretion of the district judge, and we are of opinion that the refusal to grant an upward adjustment, when presented with nothing except an increase in the Consumer Price Index, does not constitute an abuse of that discretion. As the district court pointed out in its opinion in the *May* case, even "need for a cost of living increase" was not asserted.

May requested reimbursement for 25.8 hours in his EAJA fee application. Due to an apparent typographical error, the fee award was calculated for only 24.8 hours. Because the parties do not dispute the reasonableness of the hours claimed in the fee applications, May's fee award is modified to award 25.8 hours of attorney time at the statutory cap rate of $75 per hour.

Accordingly, the judgments of the district court awarding attorneys' fees to May and Phillips are

AFFIRMED AS MODIFIED.