966 F.2d 196
 37 Soc.Sec.Rep.Ser. 468, Unempl.Ins.Rep. (CCH) P 16810A
Jaynell BEGLEY, Ruth Ellis, Evelyn Gibson, Daisy Laymance,
Eva Nuchols, Individually and on behalf of all
others similarly situated, Plaintiffs-Appellants,
v.
SECRETARY of HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-5361.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 17, 1992.
Decided June 10, 1992.
 
 Robert R. Campbell, Hodges, Doughty & Carson, Knoxville, Tenn., Lenny L. Croce (argued & briefed), Donna M. Lefebvre, Rural Legal Services of Tennessee, Oak Ridge, Tenn., and Kenneth Miller, Miller & Prewitt, Knoxville, Tenn., for plaintiffs-appellants.
 Lowell V. Sturgill, Jr., Matthew M. Collette, Marc Richman (argued and briefed), William Kanter, Dept. of Justice, Appellate Staff, Civ. Div.; James S. Portnoy, U.S. Dept. of Justice, Civ. Div., Washington, D.C.; and Paige Auer Winck, Asst. U.S. Atty., Office of the U.S. Atty., Knoxville, Tenn., for defendant-appellee.
 Before GUY and RYAN, Circuit Judges; and JOINER, Senior District Judge.*
 RYAN, Circuit Judge.
 This is a class action challenging certain policies and practices employed by the Secretary of Health and Human Services to evaluate the disability benefits eligibility of certain "surviving spouse" claimants under the Social Security Act. Plaintiffs were granted summary judgment and now seek review of the district court's award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. We vacate the order awarding attorneys' fees and remand the case for further proceedings.
 I.
 Plaintiff widows were denied disability benefits when the Secretary determined that their impairments did not meet or equal the listed medical criteria considered by the Secretary so severe as to preclude any gainful activity. They brought this claim alleging that the Secretary had denied them and others widows similarly situated individual assessments of their ability to engage in gainful activity. The district court determined that the Secretary's policies and practices were arbitrary and capricious and contrary to the mandate of the Social Security Act and granted plaintiffs' motion for summary judgment.
 Plaintiffs, as a "prevailing party" in a civil action brought against the federal government, petitioned for an award of attorneys' fees and expenses. 28 U.S.C. § 2412(d)(1)(A). The Equal Access to Justice Act provides that the amount of fees awarded shall be based on
 
 
 1
 prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.
 
 
 2
 28 U.S.C. § 2412(d)(2)(A). In support of their petition for attorneys' fees, counsel for the class submitted declarations explaining their requested rates, hours, and total fees. Plaintiffs' attorneys, Lenny L. Croce and Donna M. Lefebvre, are employed by Rural Legal Services of Tennessee, Inc., a private, nonprofit legal aid corporation, and made their fee requests on behalf of the corporation. Croce and Lefebvre based their requests on hourly rates awarded to them in prior Social Security cases. Croce stated that he had been awarded a $125 hourly fee for a Social Security class representation in 1988. Based on this figure, Croce sought $135 per hour for his services in this case, consisting of a $125 hourly rate, plus cost of living adjustments from 1988. Lefebvre stated that she had been awarded a $75 hourly fee in representing an individual Social Security claimant in 1988. She sought an award of $82 per hour for her services based on the earlier fee award and cost of living adjustments from 1988. Kenneth Miller, a private attorney who represented an individual claimant in this case, stated that he specialized in Social Security disability cases and generally charged $125 per hour in noncontingent Social Security cases. Miller sought $103.35 per hour, based on the $75 statutory maximum fee plus cost of living adjustments dating to 1981.
 
 
 3
 The Secretary did not contest the claims concerning the amount of time the lawyers devoted to the case, or present any evidence of the prevailing market rate for the kind and quality of legal services rendered to plaintiffs. Instead, the Secretary challenged the fee requests only to the extent that they exceeded the EAJA's "cap" of $75 per hour.
 
 
 4
 The district court denied the requests for awards of $82 to $135 per hour and awarded attorneys' fees based on hourly rates ranging from $50 for Lefebvre's services to $65 for those of Croce and Miller. The district court stated:
 
 
 5
 The Court does not find that in the market in this locality an hourly rate of $75.00 is reasonable. In view of the extensive amount of Social Security litigation that passes through this Court, no shortage of attorneys exists for the representation of claimants in this area.
 
 
 6
 The district court also held that under "the terms of the statute and the controlling precedent" it was required to reject the requests for adjusted rates above $75 per hour.
 
 
 7
 Plaintiffs moved for reconsideration. In support of the motion, plaintiffs attached additional declarations by Croce and Lefebvre, citing the difficulties faced by indigent plaintiffs in rural Eastern Tennessee in obtaining adequate representation. Also included was the declaration of attorney Dale Buchanan, who attested to the scarcity of attorneys in Tennessee with the willingness and expertise to handle Social Security class actions. Buchanan also opined that the fees requested by Croce and Lefebvre were "eminently reasonable."
 
 
 8
 The district court found "no reason to revise its findings as to the amount of fees appropriate in this case," however, and denied plaintiffs' motion for reconsideration.
 
 II.
 
 9
 We review the district court's award of attorneys' fees under the Equal Access to Justice Act for abuse of discretion. Perket v. Secretary of Health & Human Servs., 905 F.2d 129, 132 (6th Cir.1990). The district court's factual findings are reviewed for clear error, and its legal conclusions de novo. Id.III.
 
 
 10
 Plaintiffs challenge the district court's order awarding attorneys' fees on three grounds: 1) that the court clearly erred in establishing an hourly rate of $50 to $65; 2) that the court abused its discretion in failing to adjust the fees awarded for increases in the cost of living; and 3) that the court abused its discretion in failing to order enhancements to attorney Lenny Croce's fee award to take account of "special factors," such as the lack of other attorneys willing to take on Social Security class-action cases and Croce's special knowledge and expertise in Social Security law and class actions.
 
 A.
 
 11
 We address the issue of hourly rates first. Plaintiffs argue that the district court abused its discretion in ignoring the uncontradicted evidence in the record that the prevailing market rate in the community for legal services of the kind and quality rendered in this case exceeded $75 per hour and awarding fees below the EAJA's $75 per hour "cap" on attorneys' fees. The Secretary responds that plaintiffs simply failed to meet their burden of proving that the market value of the legal services provided in this case exceeds $75 per hour and that the district court's factual finding that the prevailing market rate in these types of cases ranged from $50 to $65 per hour in rural eastern Tennessee was not clearly erroneous.
 
 
 12
 The hourly fee determination in this case was apparently based solely on the district court's observation that "[i]n view of the extensive amount of Social Security litigation that passes through this Court, no shortage of attorneys exists for the representation of claimants in this area." Contrary to the Secretary's characterization, we do not find this statement the equivalent of a factual finding concerning the prevailing market rate for legal services in rural Tennessee. It is simply a statement of personal belief. The district court's assertion lacks foundation in the record and ignores the only evidence presented on attorneys' fees in the relevant market. The court's conclusion was not an exercise of discretion, grounded in the evidence, but an abuse of it. We must, therefore, vacate the fee determination and remand for a redetermination.
 
 B.
 
 13
 The second issue presented concerns the claim for cost of living adjustments. The EAJA permits awards in excess of $75 per hour where "the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).
 
 
 14
 Plaintiffs assert that, given the undisputed evidence in the record that the prevailing market rates exceed $75 per hour, they were entitled to cost of living adjustments to the maximum hourly fee. The Secretary argues that the cost of living requests were properly denied and ignored as irrelevant, given the district court's finding that the prevailing market rate for attorneys' services was below $75 per hour.
 
 
 15
 This court has stressed that "we think it important that the $75 statutory rate is a ceiling and not a floor" and held that a district court did not abuse its discretion "in determining that the fees awarded should not exceed $75 per hour even though the cost of living may have indeed risen since the enactment of the EAJA." Chipman v. Secretary of Health & Human Servs., 781 F.2d 545, 547 (1986). While adjustments for increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, see, e.g., Coup v. Heckler, 834 F.2d 313, 320 (3d Cir.1987); Baker v. Bowen, 839 F.2d 1075, 1084 (5th Cir.1988), this court leaves the matter to the sound discretion of the district court. Chipman, 781 F.2d at 546-47. Accord Headlee v. Bowen, 869 F.2d 548, 551 (10th Cir.), cert. denied, 493 U.S. 979, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989).
 
 
 16
 The refusal of a district court to award cost of living adjustments will not normally amount to an abuse of discretion, even though the cost of living has risen since the enactment of the EAJA. Chipman, 781 F.2d at 547. The issue is, and must remain, whether these increases in the cost of living "justif[y] a higher fee." Our review of the record suggests that the district court may have read our decision in Chipman to foreclose any upward adjustments from the statutory ceiling. This is not correct. We interpret Chipman as a specific instruction not to use $75 as a minimum hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation. We have neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion.
 
 
 17
 In this case, we find no evidence that the district court properly considered the request for cost of living adjustments once attorneys' fees were arbitrarily set below the statutory ceiling of $75 per hour. The district court applied incorrect legal standards and failed to exercise its discretion by determining whether cost of living adjustments were justified in this case. On remand, after the district court determines, based on the evidence in the record, the prevailing market rate for attorneys' services of the kind and quality rendered in this case, it should next consider and determine, as an exercise of its discretion, whether increases in the cost of living justify an award in excess of $75 per hour. The determination should be made on the record and on the basis of specific factual findings and conclusions of law.
 
 
 18
 In their briefs, the parties addressed the question whether cost of living increases, if awarded, should be measured from the original enactment of the Equal Access to Justice Act, on an experimental basis, in 1981 or from its 1985 reenactment. This issue is not necessary to our determination of this appeal and we decline to address it at this time.
 
 C.
 
 19
 The third and final issue for our review is whether the district court abused its discretion in denying plaintiffs' request for "special factors" enhancement to the hourly rates awarded for the services of attorney Croce. Adjustments above $75 per hour for attorneys' services may be awarded if "the court determines that ... a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).
 
 
 20
 Plaintiffs contend that no attorneys in the locality, other than Croce and Lefebvre, were willing or able to take a Social Security class representation case "for the statutory fee rate, or any rate." They also argue that Social Security class actions, as opposed to individual representations, require a specialized knowledge and expertise. See Pirus v. Bowen, 869 F.2d 536, 540-42 (9th Cir.1989). The Secretary contends that the "special factors" possibly justifying enhancement of attorneys' fees do not include the type of "general lawyerly skills" professed to have been necessary to successfully prosecute plaintiffs' class action suit. See Pierce v. Underwood, 487 U.S. 552, 571-74, 108 S.Ct. 2541, 2553-2555, 101 L.Ed.2d 490 (1988).
 
 
 21
 The district court failed to exercise its discretion to decide these issues, and, as a result, we once again lack an adequate record for proper review. The special factors raised by plaintiffs in support of enhanced hourly fees should be considered by the district court. We therefore remand the case to the district court for specific factual findings and conclusions of law on this issue.
 
 IV.
 
 22
 The order awarding attorneys' fees is VACATED and this case REMANDED for factual findings and conclusions of law on plaintiffs' requests for awards in excess of $75 per hour. On remand, the district court should specifically determine the prevailing market rate for legal services of the kind and quality rendered in this case and whether increases in the cost of living or special factors involved in this representation justify rates in excess of $75 per hour under the Equal Access to Justice Act.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation