Charles A. PAYNE, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.

No. 91–2595.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1992.

Decided Oct. 16, 1992.

---

Lewis Eric Gelobter, Legal Services of Northern Virginia, Inc., Leesburg, Virginia, argued, for plaintiff-appellant.

Robert S. Drum, Asst. Regional Counsel, Office of Gen. Counsel, Dept. of Health and Human Services, Philadelphia, Pa., argued (Eileen Bradley, Chief Counsel, Region III, Office of Gen. Counsel, Dept. of Health and Human Services, Philadelphia, Pa., Kenneth E. Melson, U.S. Atty., Dennis Szybala, Asst. U.S. Atty., Alexandria, Va., on brief), for defendant-appellee.

Before WIDENER, PHILLIPS, and MURNAGHAN, Circuit Judges.

## OPINION

MURNAGHAN, Circuit Judge:

Appellant Charles Payne appeals from a decision of the United States District Court for the Eastern District of Virginia, in which the court granted attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1988), at the rate of $75.00 per hour, despite Payne's request to raise the hourly rate by $27.71 to account for an increase in the cost of living. Because we are unable to determine whether or not the district court properly considered Payne's request for an upward adjustment to account for inflation, we vacate the order and remand to the district court for further proceedings.

### I.

Payne applied for Supplemental Security Income and Social Security disability insurance benefits on May 29, 1986. After an administrative law judge denied his claim on December 31, 1987, the Social Security Administration Appeals Council declined to review that decision. Payne filed a claim in the United States District Court for the Eastern District of Virginia, and the court reversed and remanded the case to the Appeals Council, which remanded to an administrative law judge for further proceed-

ings. On January 9, 1990, the administrative law judge again declined to award Payne benefits. On appeal, the Appeals Council again remanded to the administrative law judge. Finally, on February 15, 1991, the administrative law judge ruled in favor of Payne.

Payne then filed an application in the district court for an award of attorney's fees under the EAJA. He requested $5,760.02 for attorney's fees, based on 56.08 hours at the rate of $102.71 per hour. The requested hourly rate reflected the $75.00 per hour rate set as a ceiling by the EAJA, plus an adjustment for inflation.

Upon finding that the government's position on the merits had not been substantially justified, the district judge decided to award counsel fees to Payne. He further determined, however, not to award an hourly rate of $102.71, and instead awarded a fee of $4,206.00, based on the rate of $75.00 per hour. In denying Payne's request for a cost-of-living increase, the district court stated in its memorandum opinion of May 22, 1991 that "[t]he hourly rate however is the statutory cap of $75.00 per hour as there are no special factors in this case warranting an increase in the hourly rate." Payne's appeal followed.

### II.

Payne has contended that the district court erred, as a matter of law, in its interpretation of the statute, by failing to perceive that increases in the cost of living could justify an upward adjustment in the $75.00 per hour cap even in the absence of any "special factors" warranting a higher rate. Normally, the standard of review to be applied when a district court declines to grant an increase for the cost of living is whether the court abused its discretion. *Pierce v. Underwood,* 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988); *May v. Sullivan,* 936 F.2d 176, 177 (4th Cir.1991) (*per curiam*), *cert. denied,* — U.S. ——, 112 S.Ct. 887, 116 L.Ed.2d 791 (1992). However, Payne has argued that the district court erroneously assumed that it lacked the discretionary

authority to increase the hourly rate for inflation even without a justification based on "special factors" in the case, such that the matter before us is a question of law. We do not conclude that the district court erred as a matter of law by misinterpreting the statute. We simply are unable to determine, on the record before us, whether or not that is the case, and, therefore, must remand.

The EAJA provides, in pertinent part: [A]ttorney fees shall not be awarded in excess of $75.00 per hour unless the court determines that *an increase in the cost of living or a special factor,* such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis supplied). The plain language of the statute draws a distinction between two kinds of justifications for an hourly fee exceeding $75.00: an increase in the cost of living *or* a "special factor." The only example of a "special factor" provided in the EAJA is the limited availability of attorneys qualified for the particular proceedings. ·

To support its position that the court exercised discretion in setting the hourly rate, the government has emphasized the fact that "the district court did explain, albeit succinctly, why it awarded $75 per hour, based upon its knowledge of the underlying case on the merits." Specifically, the government points to the court's statement that "[t]here were no unusual or novel issues of law or difficult questions of fact presented for resolution." However, that explanation was proffered by the court to support its conclusion that there were no special circumstances making the award of attorney's fees unjust, and, as a consequence, that Payne was entitled to recover fees. In explanation of its decision to set fees at the rate of $75.00 per hour, the district court stated simply that "there are no special factors in this case warranting an increase in the hourly rate." Of course, it is possible that the district court used the phrase "special factors" to refer to an increase in the cost of living as well as to any other factors that could justify an upward adjustment. Nonetheless, for several reasons, we are unable simply to base an affirmance upon that assumption.

■ First, the plain language of the statute indicates that the cost of living is one distinct basis to increase the rate, and that the existence of "special factors" is another. We note that, contrary to the plain language of the statute, the relevant phrase, on occasion, has been consolidated in such a way that "special factors" has been used to refer both to the cost of living and to other special factors warranting an increase. *See, e.g., Action on Smoking & Health v. Civil Aeronautics Bd.,* 724 F.2d 211, 217 (D.C.Cir.1984) (referring to the cost of living and limited availability of counsel as "[t]he two special factors specifically enumerated in the statute"). However, recognition of a distinction between an increase for the cost of living on the one hand and for "special factors" on the other would be more appropriate. *E.g., Animal Lovers Volunteer Ass'n v. Carlucci,* 867 F.2d 1224, 1226 (9th Cir.1986) ($75.00 cap "may be exceeded only upon a showing of a 'special factor' or upon an adjustment for inflation"). Given the explicit distinction in the statute between an increase for the cost of living and an increase based on other "special factors," in conjunction with the absence of any express reference by the district court to the cost of living, it would not be appropriate, on the record as it stands, to assume that the court used the phrase "special factors" as including the increased cost of living.

■ Second, the EAJA requires careful consideration of a prevailing party's request for an increase in the hourly rate to compensate for the effects of inflation. Congress was concerned "that the Government, with its vast resources, could force citizens into acquiescing to adverse Government action, rather than vindicating their rights ...," and, therefore, the statute waives the government's immunity to fee awards and creates a limited exception to the rule against the award of attorney's fees to a prevailing party. *Pierce,* 487 U.S. at 575, 108 S.Ct. at 2555 (opinion of Brennan, J., concurring in part and concurring

in the judgment). The express authorization for raising the $75.00 cap based on increases in the cost of living "reflected congressional awareness that, with inflation, the fee limiting provision could defeat the purpose of the statute." *Action on Smoking*, 724 F.2d at 217 (footnote omitted). "[B]y mentioning it in the statute, Congress intended that the cost of living be seriously considered by the fee-awarding court." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir.1988). It "would undermine the purpose of EAJA to remove the financial disincentive to challenge wrongful government action" if district courts could simply "withhold an inflation adjustment without reason." *Animal Lovers*, 867 F.2d at 1227. Granting district courts the discretion to award cost-of-living increases upon determining that the statutory cap of $75 per hour is otherwise warranted "effectuates Congress' intent that attorney fees be fixed at $75 per hour in 1981 dollars regardless of the prevailing market rates, yet ensures that the maximum rate will continue to provide adequate compensation notwithstanding inflation." *Sullivan v. Sullivan*, 958 F.2d 574, 578 (4th Cir.1992). The importance of the cost-of-living increase led the Fifth Circuit to hold that, "[e]xcept in unusual circumstances," any time "there is a significant difference in the cost of living since 1981 in a particular locale that would justify an increase in the fee, then an increase should be granted." *Baker*, 839 F.2d at 1084. Because of the nexus between permitting the cost-of-living adjust-

ment and effectuating the statute's purpose, it would be inappropriate for us simply to surmise that the district court considered the request.

Finally, we cannot assume that the court's reference to "special factors" included inflation because the phrase used by the court, "no special factors in *this* case" (emphasis supplied), may well indicate a consideration only of particular factors in the instant proceeding. The EAJA permits an adjustment for the increased cost of living to be based on considerations which do not hinge solely on the particular proceeding before the court, such as the cost of living in the area and the need for an adjustment to the statutory cap. Consideration of cost-of-living increases "is not an individualized" analysis to be made on a case-by-case basis, but should be based on factors affecting all proceedings of a similar nature; uniformity of decisions within a particular locale is important "to avoid a multiplicity of conflicting views ... and the resulting confusion and bewilderment among the bar and litigants." *Baker*, 839 F.2d at 1083, 1084 (emphasis omitted).

Whether to increase the hourly rate above the statutory cap of $75.00 to account for inflation, and, if so, by how much, remains a decision to be made at the discretion of the district court.[1] But the disposition of such a request should be accompanied by sufficient explanation to enable us to review whether it was properly considered.[2]

---

1. On remand, the determination as to whether or not the cost of living has risen enough to justify an adjustment is likely to require the submission of additional evidence. Payne's only support for the adjustment for inflation was a footnote to a case in which a district court sitting in the Eastern District of Virginia awarded fees at the rate of $102.71 based on a rise in the Consumer Price Index since 1981, and a statement that the prevailing hourly rates for attorneys in the area was $150.00 per hour. We have held that "the refusal to grant an upward adjustment, when presented with nothing except an increase in the Consumer Price Index," is not an abuse of discretion. *May v. Sullivan*, 936 F.2d at 178.

2. We have no quarrel with the dissent's reminder that the Fourth Circuit in *May v. Sullivan*, 936 F.2d 176 (4th Cir.1991) left the question of

whether to grant an adjustment for the cost of living to the sound discretion of the district court, nor do we intend to imply that the district court is without discretion to set the hourly rate at or below the $75 per hour "cap" on attorneys' fees. Even the Sixth Circuit, however, which does not follow the approach of those circuits that regard the cost of living adjustment as "essentially perfunctory or even mandatory," *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir.1992) (citing *Coup v. Heckler*, 834 F.2d 313, 320 (3d Cir.1987) and *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)), but instead normally permits the district court to reject a request for a cost of living increase even upon proof that the cost of living has risen since the EAJA was enacted, *id.* (citing *Chipman v. Secretary of Health and Human Services*, 781 F.2d 545, 547 (6th Cir.1986)), nonetheless recently emphasized that the district

VACATED AND REMANDED WITH INSTRUCTIONS.

WIDENER, Circuit Judge, dissenting:

The majority's decision effectively requires future district courts awarding attorney's fees under the EAJA either to grant a cost-of-living increase or to explain on the record why such an increase will not be granted. I am of opinion that such a requirement is contrary to our rule that the decision whether to award an hourly rate in excess of the statutory maximum rate in light of an increase in the cost of living rests within the sound discretion of the district court. Further, a remand in the instant case unnecessarily assumes that the district court was entirely unaware of the statute in question and of the argument of the parties. Accordingly, I respectfully dissent.

In *May v. Sullivan*, 936 F.2d 176 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3478 (U.S.1992), we squarely held that a district court does not abuse its discretion by declining to grant a cost-of-living adjustment to the statutory maximum hourly rate even when such an adjustment is requested and supported by evidence of an increase in the Consumer Price Index since the EAJA's enactment in 1981. There we noted that "Congress is quite capable of requiring mandatory fee increases to account for changes in the Consumer Price Index and, as [EAJA section 2412(d)(2)(A) ] shows, this it has not done." *May*, 936 F.2d at 178.

Notwithstanding our decision in *May*, the majority relies on cases from other circuits that take a decidedly ·different view of when a district court should increase an award under the EAJA to account for increases in the cost of living. As the majority recites, in *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir.1988), the Fifth Circuit stated that "[e]xcept in unusual circumstances ... if there is a significant difference in the cost of living since 1981 in a particular locale that would justify an increase in the fee, then an increase should be granted." Similarly, the Ninth Circuit indeed has stated its opinion that "[t]o withhold an inflation adjustment without reason would undermine the purpose of the EAJA to remove the financial disincentive to challenge wrongful government action." *Animal Lovers Volunteer Ass'n v. Carlucci*, 867 F.2d 1224, 1227 (9th Cir.1989). Whatever the law as stated in those decisions may be, they simply do not reflect the law in this circuit as established in *May*.* I would accordingly caution against any suggestion that the majority's decision today in any way compels district courts presumptively to award cost-of-living increases to a fee award at the statutory maximum rate of $75 per hour.

Finally, the majority's decision requires that district courts declining to grant a cost-of-living increase hereafter must state on the record their reasons for doing so. I am of opinion that this new requirement serves no useful purpose and simply forces district courts to utter what are commonly referred to as magic words—*i.e.*, an acknowledgement that the court is aware of its discretion to grant· a cost-of-living increase and is choosing not to exercise that discretion—when awarding fees under the EAJA. We should strive to avoid such hollow formalities whenever possible, as they burden the district courts without any corresponding benefit. I think it only proper to assume that a judge of the United

court must exercise its discretion to determine whether a requested cost of living adjustment is warranted, and held that the determination "should be made on the record and on the basis of specific factual findings and conclusions of law." *Id.* at 200. Given that the plain language of the statute distinguishes between an increase for the cost of living and an increase for a "special factor," the district court's statement that "there are no special factors in this case warranting an increase in the hourly rate" cannot be taken as a proper consideration of the request for a cost of living adjustment.

* Our recent decision in *Sullivan v. Sullivan*, 958 F.2d 574 (4th Cir.1992), is not to the contrary. · The passage quoted by the majority only acknowledges that the *maximum* hourly rate that may be awarded, absent "special factors," is the present day equivalent of $75 in 1981 dollars. *Sullivan* in no way suggests that a district court must award that maximum rate as a matter of course, or that the court must offer any explanation for its decision not to do so. See *Sullivan*, 958 F.2d at 578.

States District Court is aware of his discretion under the EAJA in this respect, especially when both parties vigorously argue the cost-of-living issue in their submissions to the district court, as was the case here and is shown conclusively in the Appendix at p. 4–14 for the plaintiff, and p. 15–22 for the Secretary.

I would therefore find no cause for remand and would affirm the judgment of the district court.