TSUYOSHI NAKAMURA, PLAINTIFF *v.* JOHN H. HEINRICH, DISTRICT DIRECTOR OF CUSTOMS, LOS ANGELES CUSTOMS DISTRICT, AND JOHN H. HEINRICH IN HIS INDIVIDUAL CAPACITY, DEFENDANT

Court No. 91–08–00547

(Decided February 17, 1993)

*Politis, Pollack & Doram, (John N. Politis)* for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office *(Mark S. Sochaczewsky)* for defendant.

### OPINION

MUSGRAVE, *Judge:* This case is before the Court on plaintiff Tsuyoshi Nakamura's application for fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1992). In the underlying suit, plaintiff sought *mandamus* ordering the District Director of Customs for the District of Los Angeles to issue him a Customs broker's permit, and also sued the District Director in his individual capacity for damages. The suit against the District Director in his individual capacity was dismissed for failure to state a claim. Plaintiff prevailed in the *mandamus* action. *Nakamura v. Heinrich,* Slip Op. 92–13 (CIT 1992).

The EAJA provides for an award of reasonable attorney's fees and costs to the prevailing party in any civil action other than cases sounding in tort, including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412 (d)(1)(A) (1992). The "position of the United States" includes the action or failure to act by the agency upon which the civil action is based as well as the position taken in the civil action. § 2412(d)(1)(D).

There is no dispute that plaintiff is a prevailing party on his claim against the District Director in his official capacity. However, plaintiff not only did not prevail in his claim against John Heinrich in his individual capacity, that claim was not "by or against the United States," and thus is not within the purview of the EAJA. *See Lauritzen v. Lehman,* 736 F.2d 550, 556, n.7 (9th Cir. 1984) (noting that EAJA awards are inappropriate in Bivens actions.) Plaintiff is not entitled to costs or fees incurred in that action.

The government's position was substantially justified if it had a reasonable basis both in law and in fact, or equivalently, if its position was justified to a degree that could satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2549, 2550, 101 L. Ed. 2d 490,

504–505 (1988). The government bears the burden of proving that its position was substantially justified. *Gavette v. Office of Personnel Management,* 808 F.2d 1456, 1467 (Fed. Cir. 1986).

In plaintiff's action against the District Director in his official capacity, plaintiff sought and received an order of the court directing the defendant to issue him a Customs broker's permit for the District of Los Angeles. The government did not appeal this ruling. In reaching its decision, the Court noted that the Customs Service's own interpretation of the regulation governing the permit indicated that in plaintiff's situation "issuance of a permit will be pro forma." T.D. 86–161; *Nakamura v. Heinrich,* Slip Op. 92–13, at 8 (1992); 19 C.F.R. § 111.19.

Since the position taken by the District Director in denying plaintiff's permit was inconsistent with the Customs Service's own published interpretation of governing regulations, the Court cannot conclude that the position of the United States was substantially justified. Accordingly, plaintiff is entitled to fees and other expenses incurred in the action against the District Director in his official capacity.

Plaintiff has requested reimbursement for 114 hours of attorney's time, billed at an hourly rate of $185; 17.5 hours of a law clerk's time billed at an hourly rate of $50; and other expenses totalling $468.82.

As required by § 2412(d)(1)(B), plaintiff has submitted an itemized statement detailing the time expended on the case. However, the statement does not adequately distinguish between time expended on the compensable claim against the District Director in his official capacity and that expended on the non-compensable claim against the individual. The government argues that one half of the time submitted should be disallowed. The plaintiff replies,

> the time spent on that portion certainly does not account for one-half of the time spent on this action. That cause of action was only secondary to obtaining the permit and the only extra time expended was to respond to the motion to dismiss. The time expended for responding to that motion to dismiss occurred on October 21, 22, 23 1991 and consumed some fourteen (14) hours.

*Plaintiff's Reply Brief,* at 9.

Plaintiff's response fails to account for the fact that this issue was pleaded from the outset. *Complaint For Declaratory And Injunctive Relief And Money Damages,* at 5–6. Mindful that an application for attorney's fees should not become an occasion to incur many more such fees, the Court determines without requiring further submissions that the hours submitted by plaintiff shall be reduced by 28 for time expended on the suit against the District Director in his individual capacity.

Plaintiff is also not entitled to reimbursement for fees and expenses incurred prior to preparing for the civil action. The EAJA provides for reimbursement for fees and expenses incurred in the civil or adversary adjudication. *Traveler Trading Co. v. United States,* 13 CIT 380, 385, 713 F. Supp. 409, 413 (1989). "Adversary adjudication" as defined by the Administrative Procedure Act specifically excludes "adjudication * * *

for the purpose of granting or renewing a license." 5 U.S.C. § 504(b)(1)(C) (1992). "License" includes permits under the Administrative Procedure Act. 5 U.S.C. § 551(8) (1992). If the administrative action below was an adjudication at all, it was for the purpose of granting or renewing a license. *Accord, Bullwinkel v. U.S. Department of Transportation,* 787 F.2d 254, 256 (7th Cir. 1986). The time on which the award is based is accordingly reduced by an additional 5.75 hours.

Subtracting 28 hours for the action against the individual and 5.75 hours for the administrative work from the 114 hours plaintiff requests compensation for leaves a total of 80.25 hours of attorney time compensable under the EAJA.

The EAJA directs that "reasonable attorney's fees" shall be based upon prevailing market rates. § 2412(d)(1)(C)(2)(A). Notwithstanding that directive, attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. *Id.*

In support of an award of $185 per hour for attorney's time, plaintiff's counsel submits his declaration that this action required specialized knowledge of the Customs broker statute and associated regulations, and that similar skills were not available at the statutory rate of $75 per hour in the Los Angeles district. The declaration states that Customs law firm's rates ranged from $150 to $275 per hour at the time of this litigation, and that to the declarant's knowledge, there are approximately only 15 attorneys in the Los Angeles District concentrating in Customs related work. *Declaration of John N. Politis.*

The Supreme Court has held that the special factor of "the limited availability of qualified attorneys for the proceedings involved" refers to attorneys having some distinctive knowledge or specialized skill necessary for the litigation, such as an identifiable practice specialty like patent law. *Pierce v. Underwood,* 487 U.S. at 572, 108 S.Ct. at 2554, 101 L. Ed. 2d at 509. This Court finds that Customs law is a specialized practice area, circumscribed and distinct from general and administrative law, as manifest by the existence of this Court of limited subject matter jurisdiction.

Plaintiff's only evidence of the limited availability of Customs lawyers in the Los Angeles district consists of plaintiff's counsel's declaration. While the government argues that more is required, it has not produced any evidence to the contrary. The Court takes judicial notice of the relatively small Customs bar that practices before this Court, much of which is based in New York, and accepts plaintiff's counsel's declaration at face value.

Moreover, the Court finds that the requested amount of $185 per hour is reasonable. Section 2412 permits the Court in any event to make an adjustment for the increase in the cost of living since the statute was enacted. It has been held that to withhold an inflation adjustment without reason would undermine the purpose of the EAJA to remove the finan-

cial disincentive to challenge wrongful government action. *Payne v. Sullivan,* 977 F.2d 900, 903 (4th Cir. 1992) (citations omitted).

The Court takes judicial notice that the consumer price index CPI-U made available by the Department of Labor Bureau of Labor Statistics was 87.0 in January 1981, and 141.9 in December 1992. Appropriately adjusted, the $75 statutory fee is today $122.33. The 50 percent premium of the requested rate over the inflation-adjusted statutory rate reasonably reflects the limited number of attorneys practicing within the specialized area of law involved.

The $50 per hour rate for the law clerk is more problematic, because the EAJA makes no explicit provision for law clerk "fees." This Court has held that expenses for law clerks may be compensated in an amount commensurate with the law-firm rate of pay to the law clerk. *Bonanza Trucking Corp. v. United States,* 11 CIT 436, 444–445, 664 F. Supp. 1453, 1460 (1987). Unfortunately, plaintiff has not provided the Court with that information. Compensation for this expense must therefore be denied.

As noted above, plaintiff is not entitled to an award for those expenses incurred prior to beginning the civil action. Since no attorney hours are described as court-related until July 23,1991, the Court finds that $8.24 expended July 16, 1991 to be non-compensable. The Court further disallows all charges for Federal Express and messenger services, since no explanation is made of why United States mail would not suffice for these deliveries. These expenditures total $177.00. Subtracting $8.24 for expenses incurred during the administrative proceedings and $177.00 for courier services from the $468.82 in expenses plaintiff requests leaves $283.58 in expenses compensable under the EAJA.

In Sum, the Court determines that plaintiff is entitled to compensation for fees and expenses under the EAJA as follows:

Attorney fees (80.25 hours × $185/hour) ............................ $14,846.25
Expenses ....................................................... 283.58
    Total ................................................ 15,129.83

Accordingly, the Court grants plaintiff's application for fees and expenses in the amount of $15,129.83, and denies plaintiff's application for fees and expenses in excess of that amount.

## ORDER

Upon consideration of plaintiff's application for fees and expenses, defendant's response thereto, and other papers filed in relation to plaintiff's application, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff's application is granted in part and denied in part as specified in the accompanying opinion, and it is further

ORDERED, ADJUDGED AND DECREED that defendant shall pay to plaintiff the sum of $15,129.83 within thirty days of the date of this order.