**Jerry W. BRIGHT, Sr., Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. CIV. A. 3:98CV00045.**

United States District Court, W.D. Virginia, Charlottesville Division.

Nov. 7, 2000.

Charles Cooper Geraty, III, Geraty, MacQueen & Vitt, Charlottesville, Va, for plaintiff.

Randolph W. Gaines, Social Sec. Admin. Office of General Counsel, Baltimore, MD, Alonzo H. Long, U.S. Attorney's Office, Roanoke, Va, for defendant.

*MEMORANDUM OPINION*

MICHAEL, District Judge.

This case presents the question of whether upward adjustments for increases in the cost of living are warranted in the Western District of Virginia in Social Security disability cases, for the purpose of determining attorney's fees under the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C.A. § 2412 (West 1994 & Supp.2000). For the reasons set forth below, the court holds that such adjustments are not warranted.

**I.**

On April 21, 1998, the plaintiff filed a complaint in this court, seeking review of

---

the Social Security Administration's denial of his claims for disability insurance benefits and supplemental security income payments under Titles II and XVI of the Social Security Act. See 42 U.S.C.A. §§ 401–433, 1381–1383 (West 1991 & Supp. 2000). The court has jurisdiction pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3) (West.Supp.2000).

By order dated September 10, 1998, the matter was referred to the presiding United States Magistrate Judge to set forth findings, conclusions, and recommendations for its disposition. See 28 U.S .C.A. § 636(b)(1)(B) (West 1993 & Supp.2000). On October 18, 1999, the Magistrate Judge recommended that the court reverse the Commissioner's final decision, and remand the case for further proceedings. The court adopted the Report and Recommendation in its entirety on December 10, 1999, and the case was remanded to the Commissioner.

The plaintiff then moved for attorney's fees under the EAJA, and the Commissioner responded. This matter also was referred to the Magistrate Judge. On May 3, 2000, the Magistrate Judge issued his Report and Recommendation. He found that plaintiff's counsel is entitled to an award of attorney's fees for 29.9 hours of work, to be compensated at a rate of $125 per hour, totaling $3737.50. The plaintiff filed a timely objection pursuant to Federal Rule of Civil Procedure 72(b). The Commissioner filed no objections, and did not respond to the plaintiff's objection.

The plaintiff objects solely to that portion of the Report and Recommendation that found that the rate of compensation in this case should be $125 per hour, rather than the inflation-adjusted rate of $135.12 per hour. The plaintiff argues that the Magistrate Judge should have adjusted the hourly rate upward based on increases in the cost of living in this area, as measured by the Consumer Price Index.

## II.

The court reviews de novo those portions of the of the report or specified proposed findings or recommendations to which objection was made. See 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2000). The rate provision of the EAJA provides that the amount of fees awarded must be based "upon prevailing market rates," and must not exceed $125 per hour "unless the court determines that an increase in the cost of living, or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2) (West Supp.2000). This section was amended in 1996 by striking "$75" and inserting "$125." See Pub.L. No. 104–121, 110 Stat. 847, 863, § 232(b)(1) (enacted March 29, 1996). The plaintiff argues that a cost of living increase is warranted in this case because the Consumer Price Index has increased since Congress last amended the EAJA.

The Fourth Circuit Court of Appeals has instructed district courts to consider uniformity within the locale as a factor in deciding whether to award cost of living increases:

> Consideration of cost-of-living increases is not an individualized analysis to be made on a case-by-case basis, but should be based on factors affecting all proceedings of a similar nature; uniformity of decisions within a particular locale is important to avoid a multiplicity of conflicting views . . . and the resulting confusion and bewilderment among the bar and litigants.

Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir.1992) (internal quotation marks and citation omitted). To the end of establishing a "uniformity of decisions" within the Western District of Virginia, the court has examined all reported cases in this district that have addressed the issue of the cost of living adjustment under the EAJA in Social Security disability cases, and has found no case in which a cost of living increase was awarded. Indeed, this court

recently denied such an adjustment to "align itself with the other Western District courts." *Kyser v. Apfel,* 81 F.Supp.2d 645 (W.D.Va.2000). Affirming another Western District of Virginia case that denied the adjustment, the Fourth Circuit held:

> Congress is quite capable of requiring mandatory fee increases to account for changes in the Consumer Price Index and ... this it has not done. Section 2412(d)(2)(A) leaves the decision of whether to award fees in excess of the statutory cap in the sound discretion of the district judge, and we are of opinion that the refusal to grant an upward adjustment, when presented with nothing except an increase in the Consumer Price Index, does not constitute an abuse of that discretion.

*May v. Sullivan,* 936 F.2d 176, 178 (4th Cir.1991). Because no court has granted an upward adjustment for the cost of living in any area in the Western District of Virginia, the court finds that such adjustments generally are not warranted in this district. Absent persuasive additional evidence, beyond citation to the Consumer Price Index, this court shall not grant such adjustments in Social Security disability cases.

The plaintiff simply having offered an increase in the Consumer Price Index to justify a cost of living adjustment, the court shall overrule his objection and accept the Magistrate Judge's recommendation that no cost of living adjustment be awarded. After a careful review of the entire record in this case, and no objection having been filed to the remainder of the Magistrate Judge's report within ten days of its service upon the parties, the court adopts the remainder of the report in its entirety.

An appropriate Order this day shall issue.

## FINAL ORDER

By order dated January 25, 2000, the court referred the plaintiff's Petition for Attorney's Fees to the presiding United States Magistrate Judge for proposed findings of fact and a recommended disposition. On May 3, 2000, the Magistrate Judge filed his Report and Recommendation. He recommended that the court award plaintiff's counsel $3737.50 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C.A. § 2412 (West 1994 & Supp.2000). The plaintiff filed timely objections to the Report and Recommendation on May 8, 2000. The Commissioner filed no objections, and did not respond to the plaintiff's objections. The court reviews *de novo* those portions of the of the report or specified proposed findings or recommendations to which objection was made. *See* 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp.2000); Fed.R.Civ.P. 72(b). Upon thorough consideration of the Report and Recommendation, all memoranda of the parties, the applicable law, and the documented record, and for the reasons stated in the accompanying Memorandum Opinion, it is accordingly this day

ADJUDGED, ORDERED, AND DECREED as follows:

1. The plaintiff's objections, filed May 8, 2000, shall be, and they hereby are, OVERRULED;

2. The Magistrate Judge's Report and Recommendation, filed May 3, 2000, shall be, and it hereby is, ACCEPTED and ADOPTED IN PART;

3. The plaintiff's Petition for Attorney's Fees, filed January 21, 2000, shall be, and it hereby is, GRANTED;

4. The plaintiff shall be, and he hereby is, awarded Three Thousand Seven Hundred Thirty Seven Dollars and Fifty Cents ($3737.50) in attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C.A. § 2412 (West 1994 & Supp.2000);

5. The Commissioner shall pay forthwith the above sum to the plaintiff;

The Clerk of the Court hereby is directed to send a certified copy of this Order and the accompanying Memorandum Opin-

ion to Magistrate Judge Crigler and to all counsel of record.