Charles E. BALL, SSN: 250–24–1147, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendants.

Civ. A. No. 7:87–1338–15H.

United States District Court, D. South Carolina, Spartanburg Division.

Dec. 31, 1990.

**72**

George H. Thomason, Thomason, French & Devine, Spartanburg, S.C., for plaintiff.

J.D. McCoy III, Asst. U.S. Atty., Greenville, S.C., for defendants.

## ORDER

HAMILTON, District Judge.

This case was brought by plaintiff under the Social Security Act, as amended, to obtain judicial review of a final decision of the Secretary of Health and Human Services [Secretary], who rendered a decision adverse to plaintiff. The matter is currently before the court on plaintiff's application for attorney's fees under the Equal Access to Justice Act [EAJA], 28 U.S.C. § 2412(d), after plaintiff obtained a reversal of the Secretary's final decision in this court.[1]

The procedural history of the case is set forth in the report and recommendation of the magistrate judge filed March 22, 1990, and is not repeated here. The application

for attorney's fees presently before the court was filed August 1, 1990. In it, plaintiff's attorney, George H. Thomason [petitioner], alleges that he and plaintiff have a fee agreement for services rendered in obtaining the favorable result on plaintiff's Social Security application. Petitioner further alleges that plaintiff is eligible for an award of costs and fees under the EAJA because plaintiff employed petitioner to prosecute this action before this court, plaintiff's net worth is less than one (1) million dollars, plaintiff incurred legal expenses and costs appealing the Secretary's decision, and the position of the Secretary on the application for benefits was not substantially justified.

Petitioner requests that the $75 attorney's fee rate in the EAJA be increased to reflect the rise in the cost of living since the effective date of the Act, October, 1981. 28 U.S.C. § 2412(d)(2)(A). By attached affidavit, petitioner contends that a fee of at least $100 per hour is appropriate.[2] Other supporting materials with the application assert that 33 hours and 18 minutes of court-related services were rendered by petitioner on behalf of the plaintiff and $150.25 in expenses were advanced by petitioner in this case.

In his memorandum in opposition, the Secretary does not contest the eligibility of the plaintiff for an award of fees under the EAJA. The Secretary admits that his position in the underlying case was not substantially justified. The Secretary also does not challenge the amount of hours claimed [33 hours, 18 minutes]. The sole challenge raised by the Secretary is directed at plaintiff's request through petitioner for a $100 per hour attorney's fee rate.

---

**1.** The adverse decision of the Secretary was reversed by this court's order filed May 4, 1990, adopting the findings and recommendation of United States Magistrate Judge Charles W. Gambrell, filed March 22, 1990, pursuant to 28 U.S.C. § 636(b) and Local Rule 19.00, D.S.C.

**2.** The affidavit of the petitioner, attached as Exhibit D to the application, makes reference to the report and recommendation of Magistrate Judge Charles W. Gambrell in the case of *Wall v. Sullivan*, C/A No. 7:88–0109–8H, to justify the

requested $100 fee. The Secretary, in his memorandum in opposition to the fee application, acknowledges petitioner's reference and discusses Magistrate Judge Gambrell's report and recommendation. Both parties, in disregard of Local Rule 12.05(d), have failed to include copies of this report and recommendation in their filings. The parties are admonished to follow the local rules of this court. If they do not have a copy of these rules, they should obtain copies from the Clerk of Court.

## DISCUSSION

The EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

As previously noted, the Secretary admits that his position in the underlying proceeding was not substantially justified.

This application for fees and the Secretary's opposition focus on 28 U.S.C. § 2412(d)(2)(A), which states:

For the purposes of this subsection— "fees and other expenses" [§ 2412(d)(1)(A)] includes ... reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

The plaintiff requests a fee of at least $100 per hour, $25 per hour more than the fee set forth in the statute cited above. In support of this fee, the application points to an increase in the cost of living since the passage of the EAJA in 1981, and attached exhibits, including an affidavit of an accountant and a Consumer Price Index table from the U.S. Department of Labor, Bureau of Labor Statistics. The supporting affidavit of the petitioner makes further reference to petitioner's eighteen years of experience in this area of law and the gen-

eral undesirability of undertaking representation in these type of cases due to delays in payment occasioned by the Secretary's routinely objecting to fee petitions.

The Secretary counters plaintiff's request on at least three grounds. First, the Secretary argues that the $75 amount in the statute is sufficient compensation. Second, assuming a cost of living adjustment should be added to the $75 fee cited in the statute, the Secretary argues that the cost of living increase must be calculated from August 1985, the time when the EAJA was amended or reenacted. Finally, the Secretary argues that any adjustment to the $75 per hour fee must be calculated in a mathematically precise manner and that plaintiff has failed to so calculate the requested $100 per hour fee.

■ The plain language of the EAJA makes it clear that the $75 fee rate set forth in § 2412(d)(2)(A) is a "cap" on attorney fees recoverable under that statute. *Pierce v. Underwood,* 487 U.S. 552, 573, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988) ("Congress thought that $75 an hour was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be."). The market rate of compensation is only relevant in evaluating a fee application in two situations: (1) where such rate would indicate that an hourly rate of less than $75 should be awarded; or (2) to limit an award where the factors allowing enhancement of the $75 "cap" would create a fee higher than the market rate.[3]

While $75 per hour represents a "cap" on consideration of prevailing market rates, the language of the statute provides two grounds for awarding fees above the $75 rate. The first ground, the one most relevant for this case, is an addition of a cost of living adjustment to the $75 rate. 28 U.S.C. § 2412(d)(2)(A). The second permitted ground for awarding a rate above the "cap" is the existence of a "special factor" justifying a higher fee. *Id.*

---

**3.** The court takes notice that the prevailing market rate for this type of representation in this district is approximately $100 per hour. The court is aware of *Wilson v. Secretary of Health*

*and Human Services,* 734 F.Supp. 705, 708 (D.S. C.1990) which expressed the prevailing rate in terms of a range from $75 to $150 per hour.

74

■ This application for EAJA fees and its supporting documents do not provide sufficient grounds for enhancing the $75 "cap" based on the existence of a "special factor." The limited availability of lawyers who perform the type of representation provided in this case, the only ground included in the application and supporting documents, is not a "special factor" for purposes of the statute. *Pierce*, 108 S.Ct. at 2553–54 ("special factor" examples include recognized practice specialties, knowledge of foreign law or language, but not general supply of lawyers willing to pursue a particular type of litigation). The court, therefore, finds no grounds upon which to enhance the $75 "cap" under the "special factor" prong.

■ The second ground for enhancing the "cap," inflation, is the chief focus of the application and the Secretary's response. The court, at its discretion, may enhance the $75 "cap" to reflect inflation since the passage of the EAJA. *Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989). *Cf. Pierce*, 108 S.Ct. at 2553 ("abuse-of-discretion" standard applies to review of district court awards under EAJA).

In computing what inflation adjustment, if any, should be applied to the statutory cap, the court "should describe mathematically the basis of all cost of living adjustments under the Act." *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir.1988), *rev'd on other grounds sub. nom., Commissioner, I.N.S. v. Jean,* —— U.S. ——, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Courts have typically relied on the Consumer Price Index for All Urban Consumers [CPI–U], published by the U.S. Department of Labor, Bureau of Labor Statistics, in calculating the inflation adjustment. See *Wilson v. Secretary of Health and Human Services*, 734 F.Supp. 705, 708 (D.S.C.1990); *Ramon–Sepulveda v. I.N.S.*, 863 F.2d 1458, 1463–64 (9th Cir.1988); *Allen v. Bowen*, 821 F.2d 963, 967–68 (3rd Cir.1987). Both parties to the present proceeding included copies of the CPI–U in their filings.

Exhibit B of the application, the list of types and time of service rendered by petitioner to plaintiff, shows that petitioner's representation of plaintiff began on May 12, 1987, continued through July 30, 1990, and totaled 33 hours and 18 minutes. The Secretary does not contest these figures. To adjust the $75 cap for inflation, reference must be made to the CPI–U figure for October 1981 [93.4], the effective date of the EAJA, and the figure most closely corresponding to the close of services rendered in this case, which is June 1990 [129.9].[4] The percentage increase in the cost of living between those dates is $(129.9-93.4)/93.4 = 39.08\%$. Adjusting the "cap" for inflation, the rate permitted by statute is $104.31 per hour.[5] Thus, if the full cost of living adjustment is applied to the cap, plaintiff, for services of petitioner, would receive a total fee of $3476.65 [104.31 (rate) × 33.33 (hours)].

■ The Secretary objects to this calculation in two ways. First, the Secretary argues that inflation must be calculated from August 1985, when the EAJA was "reenacted." Second, the Secretary argues that the adjusted rate should be calculated for each year or month in which services accrued rather than one rate applying over the whole period for which services were rendered. The court rejects both arguments.

To support the first contention, the Secretary cites *Chipman v. Secretary of Health and Human Services*, 781 F.2d 545 (6th Cir.1986). In that opinion, the court of appeals took note that the EAJA expired by its own terms in October of 1984, but was reenacted in August 1985. The "reenactment" of the EAJA did not raise the $75 cap to account for inflation from the original enactment in 1981 to the time of the

4. The court notes that the figures in the tables provided by the parties agree, except that the table provided by the Secretary is more current than that provided by the plaintiff. The court also notes that the figures provided by the parties differ from the figures utilized by the court in *Wilson*, 734 F.Supp. at 708 n. 1.

5. $(X-75)/75 = .3908$, where X equals the cap adjusted for inflation of 39.08%.

reenactment in 1985. *Id.* at 547. The court held that it was not an abuse of discretion for the district court to deny a cost of living adjustment to the $75 statutory rate to reflect 1981–1985 inflation. *Id.* See also *Bunn v. Bowen*, 637 F.Supp. 464, 475 (E.D.N.C.1986) (cost of living adjustment must be figured from August 1985).

Every other Circuit Court of Appeals which has considered the issue of what base point to utilize in calculating the inflation adjustment has rejected that holding of *Chipman.*[6] See *Sierra Club v. Secretary of the Army*, 820 F.2d 513, 520–23 (1st Cir.1987); *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702, 704–06 (2nd Cir.1987); *Allen v. Bowen*, 821 F.2d 963, 967 (3rd Cir.1987); *Baker v. Bowen*, 839 F.2d 1075, 1083–84 (5th Cir. 1988); *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir.1988); *Ramon–Sepulveda v. I.N.S.*, 863 F.2d 1458, 1463–64 (9th Cir. 1988); *Headlee v. Bowen*, 869 F.2d 548, 552 (10th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 507, 107 L.Ed.2d 509 (1990); *Jean v. Nelson*, 863 F.2d 759, 774 (11th Cir.1988), *rev'd on other grounds sub. nom., Commissioner, I.N.S. v. Jean,* — U.S. —, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *Hirschey v. F.E.R.C.*, 777 F.2d 1, 5 (D.C. Cir.1985). This court has also implicitly rejected *Chipman. Wilson*, 734 F.Supp. at 708 (Judge G. Ross Anderson).

Whether viewing the 1985 EAJA legislation as a "reenactment," "renewal," or "amendments," *Sierra Club*, 820 F.2d at 521 n. 7, it is clear that sound principles of statutory construction and expressions of Congressional intent found in the language of the statute and in the legislative history warrant this court's explicit adoption of the October 1981 date as the base point for measuring cost of living increases. The court specifically acknowledges the history and reasoning set forth in *Sierra Club*, 820 F.2d at 520–23 and *Trichilo*, 823 F.2d at 704–06 as supporting this court's holding.

The court also rejects the Secretary's contention that the hours claimed by petitioner on behalf of plaintiff must be broken down by year or month and varied rates calculated for each division. The Secretary cites no authority supporting such a requirement. Nothing in the language of the statute compels such action. On the contrary, application of a single rate to all hours claimed promotes the Congressional intent behind the EAJA, which was "ensuring administrative accountability and concomitantly, of lessening the financial burden on those who victoriously pursued that accountability through litigation." *Sierra Club*, 820 F.2d at 520; *see also Commissioner, I.N.S. v. Jean*, 110 S.Ct. at 2322. Adopting the position urged by the Secretary would encourage government agencies to prolong litigation in hopes of paying fees with inflated dollars. This court declines to adopt the Secretary's argument and applies one adjusted fee to all hours expended on behalf of the plaintiff.

■ As noted earlier, the court finds that a rate of $104.31 per hour would fully reflect the $75 "cap" adjusted for inflation. The court has also noted that $100 per hour is the prevailing market rate for this type of representation. While the court could allow $104.31 per hour, the court instead limits the rate of recovery in this action to $100 per hour, the prevailing market rate. 28 U.S.C. § 2412(d)(2)(A).

THEREFORE, IT IS ORDERED that the defendant pay the plaintiff Three Thousand Three Hundred and Thirty and No One Hundredths ($3330.00) Dollars for attorney fees pursuant to 28 U.S.C. § 2412(d). In addition, defendant shall pay One Hundred Fifty and Twenty–Five One Hundredths ($150.25) Dollars for costs pursuant to 28 U.S.C. § 2412(a). This is a total award of Three Thousand Four Hundred Eighty-Two and Twenty–Five One Hundredths ($3482.25) Dollars payable by the defendant to the plaintiff for services rendered by the petitioner. 28 U.S.C. § 2412.

IT IS SO ORDERED.

---

**6.** The Fourth Circuit Court of Appeals has never directly addressed the question of the proper

base point from which to measure inflation.