**Ronald E. SUGGS, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 2:89–893–8.**

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 17, 1991.

Robertson H. Wendt, Jr., Charleston, S.C., for plaintiff.

Wistar D. Stuckey, Asst. U.S. Atty., Columbia, S.C., for defendant.

## ORDER

BLATT, Senior District Judge.

This matter is before the court on the petition of plaintiff's counsel for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1] Petitioner represented plaintiff in his appeal from the denial of disability insurance benefits and was successful in obtaining the benefits due plaintiff. The defendant, the Secretary of Health and Human Services, opposed neither petitioner's entitlement to attorney's fees, nor the reasonableness of time that petitioner invested in the case;[2] defendant opposed the hourly rate of $125.00 requested by petitioner in his application for fees.

■ The EAJA allows adjustment to the seventy-five dollar per hour ($75.00/hour) statutory cap for cost-of-living increases or for special factors.[3] This court agrees that no special factors which are appropriate for consideration under the EAJA were presented in this case.[4] However, the petitioner presented reliable evidence that an enhancement for a cost-of-living increase is justified in this case.

■ Next, Defendant contends that the appropriate date to be used in determining the percentage of the cost-of-living increase over the statutory fee cap is 1985, the date of reenactment of the EAJA, not 1981, the original date of enactment. This is not a novel argument. Several courts have followed the line of reasoning that had Congress intended to adjust the statutory cap for inflation between 1981 and 1985, it could have done so at the time of reenactment.[5] Nonetheless, this court subscribes to the reasoning of the great weight of authority which has found that the reenactment exhibits a congressional intent to ratify the original provisions of the EAJA, as if it had never been allowed to expire.[6] Therefore, this court finds that 1981 is the appropriate date from which to adjust the statutory cap on attorney's fees for any rise in the cost-of-living.

Defendant further objects to petitioner's proposed use of the Personal Expenses subcategory of the Consumer Price Index for All Urban Consumers (CPI–PE–U) for determining the appropriate cost-of-living increase. Defendant advocates use of the Consumer Price Index for All Urban Consumers for All Items (CPI–U) and further suggests a method of computation that applies the Consumer Price Index percentage increase from the appropriate date of enactment of the EAJA to each month in which work was performed.

■ While the EAJA permits this court to enhance the fee for cost-of-living increases, it does not require it to do so.

---

1. The EAJA allows recovery of attorney's fees for the prevailing party in an action against the Secretary of Health and Human Services when the petitioner is able to show that the Secretary's position in denying benefits was not substantially justified. *Foster v. Heckler*, 780 F.2d 1125 (4th Cir.1986).

2. Defendant does object to one hour expended by petitioner for preparation of Plaintiff's Return to Defendant's objections to the Magistrate's Report and Recommendation. The defendant does not oppose the hour because the amount of time spent on the task was unreasonable but because petitioner consented to the Secretary's objections. However, this court finds that petitioner did in fact prepare and file a response to the objection; thus, the time was validly, and not unreasonably, spent in the advancement of plaintiff's case. Litigation strategy is a matter of professional judgment and such judgment differs widely.

3. 28 U.S.C.A. § 2412(d)(2)(A).

4. *See, Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

Petitioner requested a fee enhancement arguing that he has a specialized knowledge of mental illness which played an important part in the effective representation of this plaintiff and that there are a limited number of attorneys with such specialized knowledge available to represent mentally disabled clients. However, this court is unconvinced that petitioner's self-proclaimed expertise is a special factor warranting a fee increase as contemplated by the EAJA.

5. *See e.g., Chipman v. Secretary of Health and Human Services*, 781 F.2d 545, 547 (6th Cir. 1986); *Barry v. Heckler*, 638 F.Supp. 444, 448 (N.D.Cal.1986).

6. *See e.g., Petition of Duggan*, 734 F.Supp. 705 (D.C.S.C.1990). *See also, Baker v. Bowen*, 839 F.2d 1075, 1083–84 (5th Cir.1988); *Allen v. Bowen*, 821 F.2d 963 (3d Cir.1987); *Ford v. Bowen*, 663 F.Supp. 220, 221–222, (N.D.Ill.1987).

Further, there is no requirement that an adjustment for inflation track the cost-of-living index with exactitude.[7] The purpose of the EAJA is to provide for the award of a reasonable attorney's fee so that the cost of litigation will not be a deterrent to seeking review of unreasonable government action. The purpose of the provision for enhancement of the statutory fee cap is to keep abreast of the cost of living to ensure that the fee limitation will not dissuade attorneys from representing clients in these type cases. The pedantic application of the Consumer Price Index figures, whether using the subcategory CPI–PE–U or the CPI–U, is unnecessary to effectuate the purposes of the EAJA. It is this court's opinion that a twenty-five dollar per hour enhancement is reasonable, does not exceed the actual increase in the cost of living since 1981, and is not so out-of-step with inflation as to discourage attorneys from representing clients in matters before the Secretary. Therefore, this court finds that it is reasonable to award attorney's fees based on the enhanced rate of one hundred dollars ($100.00) per hour.

■ Furthermore, this court agrees with petitioner that the time expended defending his fee application against defendant's objections is compensable under the EAJA.[8] Therefore, this court will award attorney's fees to petitioner for 57.2 hours, at the enhanced rate of one-hundred dollars per hour ($100.00).

For the reasons hereinabove stated, petitioner's fee application is modified to include payment for the hours expended in litigating the application, and is hereby granted as modified. Petitioner is hereby

7. *Baker v. Bowen,* 839 F.2d 1075 (5th Cir.1988).

8. Petitioner has asserted that he spent 5.2 hours defending his fee application and Defendant has submitted no objection to the reasonableness of the time expended. In *Commissioner, INS v. Jean,* —— U.S. ——, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), the Supreme Court, applying the rationale of *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), found that hours expended litigating EAJA fee petitions are recoverable.

"A request for attorney's fees should not result in a second major litigation." *Id.,* at 437, 103 S.Ct. at 1941.

awarded five thousand seven hundred twenty dollars ($5,720.00) for fees and one hundred sixty-one and seventy-three one-hundredths dollars ($161.73) for costs.[9]

IT IS SO ORDERED.

Once petitioner has established his entitlement to the fee and shown the reasonableness of his hours, the parties should be able to settle the fee. *Id.*

9. Petitioner documented the expenditure of 52.0 hours for litigating plaintiff's claim and another 5.2 hours for defense of his fee application. Furthermore, petitioner requested reimbursement costs to which defendant did not object. This court did not find any item of those costs listed to be unreasonable.