COLLINS MUSIC CO., INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 6:89–1094–20.

United States District Court,
D. South Carolina,
Greenville Division.

March 21, 1995.

Order Granting in Part Supplemental
Petition for Court Costs
May 5, 1995.

Curtis W. Stodghill, Stodghill Law Firm, P.C., David H. Wilkins, Wilkins & Madden, P.A., Greenville, SC, for plaintiff.

Loretta C. Argrett, Asst. Atty. Gen., Robert L. Welsh, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

### ORDER

HERLONG, District Judge.

This matter is before the court on the motion of the plaintiff, Collins Music Co., Inc. ("Collins Music"), for costs, attorney's fees, and other expenses of litigation. The plaintiff commenced this action seeking a tax refund. After a bench trial, this court awarded Collins Music two million, thirty-four thousand, thirty-two dollars ($2,034,032.00), plus interest. Collins Music originally filed this motion for costs on March 18, 1993. It then appealed the judgment of this court to the United States Court of Appeals for the Fourth Circuit. In an order dated February 14, 1994, this court dismissed the motion for costs during the pendency of Collins Music's appeal. That order allowed Collins Music to refile the motion "within thirty (30) days of an order resolving the appeal filed by the Fourth Circuit." On April 15, 1994, 21 F.3d 1330, the Fourth Circuit rendered a decision on the merits affirming this court's ruling. Collins Music renewed its motion for costs on August 5, 1994.

### A. TIMELINESS

██ The United States opposes this motion on several grounds. Its first contention is that Collins Music's renewal of its motion is untimely. The timeliness of Collins Music's motion depends first on the construction of this court's February 14 order. The court finds that the order could be interpreted, as it has been by Collins Music, to allow thirty days from the time its appeal was resolved, including time to petition for a writ of certiorari from the United States Supreme Court.

██ Section 2412(d)(1)(B) of the Equal Access to Justice Act ("EAJA"), which is incorporated into I.R.C. § 7430, presents another timeliness issue. That section requires a party seeking an award of costs and expenses to file an application for those costs

within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The United States contends that Collins Music's petition is untimely because Collins Music did not file until two months after the mandate issued from the Fourth Circuit. A reading of the statute, however, belies that argument. A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89, 95–96, 111 S.Ct. 2157, 2161–62, 115 L.Ed.2d 78 (1991). Collins Music could have filed a petition for a writ of certiorari with the United States Supreme Court until July 14, 1994. Accordingly, the court finds that Collins Music's request is timely and proceeds to the merits of the petition.

### B. MERITS

Whether a party is entitled to fees in a tax case is determined by I.R.C. § 7430. Section 7430 permits a prevailing party to be awarded a judgment or a settlement for reasonable litigation expenses. § 7430(a)(2). Thus, to recover its litigation expenses, Collins Music must show: (1) that it is a prevailing party, and (2) that its litigation expenses were reasonable.

#### 1. *Prevailing Party*

██ To fall within the definition of "prevailing party," Collins Music must meet three requirements. § 7430(c)(4)(A). First, it must establish that the position of the United States in the proceeding was not substantially justified. § 7430(c)(4)(A)(i). Second, it must have either (1) substantially prevailed with respect to the amount in controversy, or (2) substantially prevailed with respect to the most significant issue or set of issues presented. § 7430(c)(4)(A)(ii)(I)–(II). Finally, to be a prevailing party, Collins Music must satisfy the requirements of 28 U.S.C. § 2412(d)(1)(B),[1] –(2)(B). *See* § 7430(c)(4)(A)(iii). Section 2412(d)(2)(B) requires that, at the time the civil action was filed, the party must not have had a net worth of more than seven million dollars ($7,000,000.00) and must not have had more than five hundred (500) employees.

---

1. *See* discussion *supra* part A.

■ A position is substantially justified if it has a reasonable basis in law and fact. *In re Germaine,* 152 B.R. 619, 628 (Bankr. 9th Cir.1993); *see Bowles v. United States,* 947 F.2d 91, 94 (4th Cir.1991). The United States asserts that most of the litigation in this case concerned a claim on which Collins Music was unsuccessful. However, the United States conceded at trial that there was no substantial justification for its denial of Collins Music's refund claims for 1985 and 1986. Collins Music points out that the difference in the recovery on its alternative claims was less than nine percent. The court finds that withholding the refund that was clearly owed to Collins Music was not substantially justified.

The court also finds that Collins Music meets the second requirement of § 7430(c)(4)(A). The statute requires that the party seeking costs must have prevailed *either* as to the amount in controversy *or* as to the most significant issues. *See* I.R.C. § 7430(c)(4)(A)(ii)(I)–(II). The United States admits that Collins Music recovered "a large percentage of the amount demanded in its complaints." (Def.'s Mem. in Opp'n to Pl.'s Mot. for Costs, Atty's Fees, & Other Expenses at 4.)

■ Regarding the third requirement, the court finds that Collins Music had a net worth of less than seven million dollars ($7,000,000.00) and employed less than five hundred (500) people as of May 2, 1989. *See* 28 U.S.C. § 2412(d)(2)(B). At the request of the court, Collins Music has submitted voluminous information regarding its net worth. The United States argues that Collins Music's income tax returns and balance sheets reflect that it had a net worth of greater than seven million dollars ($7,000,000.00) in 1989. In calculating Collins Music's net worth, the United States excludes depreciation. (*See* Def.'s Mem. in Opp'n to Pl.'s Mot. for Costs, Atty's Fees, and Other Expenses at 9; Def.'s Reply Mem. at 2–4.) However, depreciation should be taken into account when calculating net worth under § 2412(d)(2)(B). *American Pac. Concrete Pipe Co. v. NLRB,* 788 F.2d 586, 591 (9th Cir.1986); *Continental Web Press, Inc. v. NLRB,* 767 F.2d 321, 323 (7th Cir.1985). The record reflects that when depreciation is considered, Collins Music had a net worth of less than seven million dollars ($7,000,000.00).

### 2. Reasonableness of Litigation Costs

Collins Music seeks a total of two hundred eighteen thousand, six hundred twenty-seven dollars and eight cents ($218,627.08) in costs, attorney's fees, expert witness fees, and accountant's fees. It requests fees for thirteen attorneys for a total of eight hundred fifty-five and eight hundredths (855.08) hours. The United States makes two arguments in opposition to an award in this amount. First, it argues that fees may not be awarded for services on an unsuccessful claim. *Compare Cassuto v. Commissioner,* 936 F.2d 736, 742 (2d Cir.1991) (finding that alternate theory was not "part and parcel" of the winning argument) *with Action on Smoking & Health v. Civil Aeronautics Bd.,* 724 F.2d 211, 215–16 (D.C.Cir.1984) (holding that counsel should be compensated only for work on those distinct claims that prevailed, but finding that the claims were "part and parcel" of a single matter). The United States argues that most of the litigation centered around Collins Music's claims that it was entitled to depreciate its property on a three-year basis. Collins Music raised alternative claims that the property was depreciable on a five-year basis. This court found after a bench trial that the five-year period, and not the three-year period, was proper. The court now finds that the maximum number of hours that could reasonably be attributed to the claim upon which Collins Music was ultimately successful is four hundred (400).

■ The United States also contests the amount sought by Collins Music on the ground that it exceeds the statutory maximum hourly rate. Section 7430 limits the amount of attorney's fees that are recoverable to seventy-five dollars ($75.00) per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate." § 7430(c)(1)(B)(iii). A court may properly increase the statutory rate to reflect a cost of living increase by using the Consumer Price Index for All Urban Consumers. *See*

*Sullivan v. Sullivan,* 958 F.2d 574, 575 (4th Cir.1992). The court therefore finds that the proper rate as adjusted for the cost of living increase between 1986, when the seventy-five dollar ($75.00) cap went into effect, and 1993, when this court granted judgment for Collins Music, is ninety-seven dollars and fifty-eight cents ($97.58) per hour. *See Cassuto v. Commissioner,* 936 F.2d 736, 743 (2d Cir.1991) (calculating cost of living increase from 1986, the year Congress passed the amendment setting the seventy-five dollar ($75.00) cap and allowing for cost of living adjustments).

 Collins Music apparently seeks to have the court award attorney's fees at a higher rate because of a "special factor, such as the limited availability of qualified attorneys for such proceeding." § 7430(c)(1)(B)(iii). However, in examining the identical language under the EAJA, the United States Supreme Court stated that the seventy-five dollar ($75.00) cap is generally the maximum reimbursement for attorney's fees, whatever the local or national market might be. *Pierce v. Underwood,* 487 U.S. 552, 572, 108 S.Ct. 2541, 2553–54, 101 L.Ed.2d 490 (1988). Thus, the fact that the attorney normally bills at more than seventy-five dollars ($75.00) per hour does not justify an award at the attorney's billing rate. *See id.* Furthermore, expertise in tax law does not constitute a special factor justifying a higher award. *See In re Robidoux,* 116 B.R. 320, 326–27 (D.Mass.1990); *Stieha v. Commissioner,* 89 T.C. 784, 792, 1987 WL 45302 (1987).

The court therefore finds that Collins Music's recovery for attorney's fees is limited to ninety-seven dollars and fifty-eight cents ($97.58) per hour, as mandated by § 7430. As stated above, the court has determined that an award for four hundred (400) hours is proper. Accordingly, Collins Music is entitled to thirty-nine thousand, thirty-two dollars ($39,032.00) in attorney's fees under § 7430.

 Additionally, § 7430 allows recovery for reasonable court costs, reasonable expenses of expert witnesses, and reasonable costs of any study, analysis, engineering report, test, or project that the court finds necessary for the preparation of the party's case. § 7430(c)(1). Fees for expert witnesses are limited to no more than the highest rate of compensation for expert witnesses paid by the United States. § 7430(c)(1)(B)(i). Collins Music has paid fees to expert witnesses Johnnie Walters and Oliver Wood in the amount of twenty-three thousand, five hundred forty-six dollars and seventeen cents ($23,546.17). (Saad Aff. ¶¶ 3–4, 6–7.) The court determines that approximately half of the fees for Mr. Walters, and none of those for Mr. Wood, were expended in pursuit of the claim upon which Collins Music prevailed. Therefore, the court finds that Collins Music is entitled to eight thousand, four hundred eighty-one dollars and thirty-four cents ($8,481.34) as a reasonable fee for its expert witness.

 Collins Music also requests forty-four thousand, one hundred sixty-three dollars and sixty-eight cents ($44,163.68) in fees paid to a firm of certified public accountants. As noted above, § 7430 permits the recovery of costs for a study or analysis necessary for the preparation of the party's case. The statute does not limit the recovery for these expenses other than requiring that they be reasonable. The court finds that Collins Music is entitled to fifteen thousand dollars ($15,000.00) as a reasonable fee for an accounting analysis necessary to its case.

Section 7430 also permits recovery for "reasonable court costs." § 7430(c)(1)(A). The court directs that, within fifteen (15) days, Collins Music file a concise supplemental petition as to the court costs it contends are recoverable. The United States will have fifteen (15) days from the filing of the supplemental petition to respond.

Therefore, pursuant to § 7430, Collins Music is entitled to recover sixty-two thousand, five hundred thirteen dollars and thirty-four cents ($62,513.34) from the United States for reasonable litigation costs incurred.

**IT IS SO ORDERED.**

## ORDER ON SUPPLEMENTAL PETITION

This matter is before the court on the plaintiff's supplemental petition for court

costs submitted in accordance with a prior order of this court. In an order filed March 21, 1995, this court awarded the plaintiff sixty-two thousand, five hundred thirteen dollars and thirty-four cents ($62,513.34) "for reasonable litigation costs incurred." See page 469. In that order, the court directed the plaintiff to file a supplemental petition for the "court costs it contends are recoverable." *Id.* The plaintiff has now requested five thousand, one hundred eight dollars and eighty-three cents ($5,108.83) for photocopies, telephone charges, facsimile charges, filing fees, postage, miscellaneous costs, travel, and mileage.

The court notes that it awarded all reasonable litigation costs except court costs in the prior order. The court finds that the only recoverable court cost requested by the plaintiff is the amount for filing fees. *See* 28 U.S.C. § 1920; Local Rule 28.00 DSC. Accordingly, the plaintiff is entitled to recover two hundred forty-two dollars and fifty cents ($242.50) for reasonable court costs pursuant to I.R.C. § 7430(c)(1)(A).

**IT IS SO ORDERED.**