Katherine MITCHUM, Plaintiff,

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**C.A. No. 6:05–01247–PMD.**

United States District Court, D. South Carolina, Greenville Division.

Dec. 27, 2007.

Robertson H. Wendt, Jr., Robertson Wendt Law Office, N. Charleston, SC, for Plaintiff.

Marvin Jennings Caughman, U.S. Attorneys Office, Columbia, SC, for Defendant.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Plaintiff's counsel's motion for an award of attorney fees of $6,426.42, plus costs of $250.00, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] Defendant does not object to an award of attorney's fees under EAJA. However, Defendant does object to the requested hourly rate.[2]

### BACKGROUND

Plaintiff brought action for judicial review of the final decision of the Commissioner of Social Security in a claim for disability benefits, and on March 3, 2006, Magistrate Judge William M. Catoe issued a Report and Recommendation (R & R) in which he recommended that the decision of the Commissioner be reversed and remanded under sentence six of 42 U.S.C. § 405(g) for consideration of a psychiatric evaluation performed by Dr. Funsch. Neither party filed objections, and on March 23, 2006, the undersigned adopted the R & R and remanded the case to the Commissioner. On June 25, 2007, the Administrative Law Judge ("ALJ") issued a fully favorable decision, and by final judgment entered on October 3, 2007, the district court affirmed the Commissioner's favorable decision on motion made by the Commissioner. On November 2, 2007, Plaintiff's counsel moved for attorney's fees and costs pursuant to EAJA.

### STANDARD OF REVIEW

A party who prevails in litigation against the United States is entitled to EAJA attorney fees, as well as the costs and expenses of litigation, upon timely petition for them if the government's position was not "substantially justified" and no special circumstances make an award unjust. *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir.1991). However, attorney's fees and expenses under EAJA must be reasonable. *See Kyser v. Apfel*, 81 F.Supp.2d 645, 646 (W.D.Va.2000); *see also* 28 U.S.C. §§ 2412(b), (d)(2)(A). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary...." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (considering an award under 42 U.S.C.

1. Plaintiff originally sought $6,176.04, which would be an award of $166.92 per hour for 37 hours, plus costs in the amount of $250, for a total of $6,426.04. Plaintiff now seeks an additional $250.38, which represents an additional 1.5 hours, for the time spent in defending the EAJA fee application. The court finds Plaintiff is entitled to compensation for this additional time pursuant to the reasoning of *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

2. Plaintiff sought to have the award of fees sent directly to Plaintiff's counsel and made payable to Plaintiff's counsel. (*See* Mot. at 2.) Defendant objected to this request, arguing payment should be made by check payable to Plaintiff, as Plaintiff is the prevailing party. (*See* Resp. in Opp'n at 3.) Defendant notes that his current practice is to send the check to the Plaintiff's attorney's office, "even though the check is made payable to Plaintiff, which reduces the risk that the attorney will not receive his fees from Plaintiff." (*Id.*) While Plaintiff's counsel notes his disagreement with the Commissioner's position, he states that he "will not contest this issue in this case because, as indicated in the Commissioner's response, the Commissioner's current practice is to send the EAJA payment to the Plaintiff's attorney's office." (Reply at 5.) As Plaintiff's counsel has agreed not to contest the issue, Defendant is ordered to send the check payable to Plaintiff to the office of Plaintiff's counsel.

§ 1988). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); *see also May v. Sullivan*, 936 F.2d 176 (4th Cir.1991).

### *ANALYSIS*

■ As noted above, the only issue in this case is the appropriate hourly rate to award Plaintiff's counsel. Plaintiff's counsel seeks an hourly rate in excess of $125 per hour to adjust for an increase in the cost of living; specifically, he seeks an award of $166.92 per hour. (Mot. at 2.) Plaintiff's counsel explains how he calculated this adjusted rate:

> According to the U.S. Department of Labor's Consumer Price Index for all the urban consumers, all items (CPI–U, all items), the consumer price index as of March 1996, was 155.7. As of August 2007, the consumer price index was 207.917. Multiplying $125.00 per hour times the ratio of 207.917 divided by 155.7 equals a cost of living increase to $166.92 per hour. The amount of $166.92 thus constitutes the statutory cap on attorney's fees enhanced by cost of living increases.

(Mem. in Supp. at 3.) Defendant asserts that instead of using the United States City Average Consumer Price Index ("CPI–U"), Plaintiff should have used the South Urban regional CPI–U. (Resp. in Opp'n at 2.) Defendant also states, "In addition, rather than applying the CPI–U figure for August 2007 (the most recent month available), Plaintiff should have applied the figure for August 2006, the temporal midpoint of the 31–month period between April 2005 and November 2007 during which services were rendered." (*Id.*) According to the Defendant, "applying the South Urban regional CPI–U for August 2006 (197.1) and dividing it by the South Urban regional CPI–U for March 1996—the date the EAJA was enacted—(152.4), and multiplying the quotient by $125.00 (the base hourly rate under the

EAJA), the result is an hourly rate of $161.66." (*Id.* at 2–3.) Defendant has thus filed this Response in Opposition in order to dispute $194.62.

In *Sullivan v. Sullivan*, 958 F.2d 574 (4th Cir.1992), the Fourth Circuit reversed a fee award in which the district court used the "personal expenses" subcategory of the Consumer Price Index to increase the statutory fee award. *Sullivan*, 958 F.2d at 574–76. However, the court seemingly approved of the use of the CPI–U in adjusting the fees awarded under EAJA. *Id.* at 574. The court stated,

> The structure of section 2412(d)(2)(A) confirms that Congress intended for the term "cost of living" to assume its ordinary meaning.... As the Supreme Court observed in *Pierce v. Underwood*,

> > Congress [did not mean] ... that if the rates for all lawyers in the relevant city—or even the entire country—come to exceed $75 per hour (adjusted for inflation), then that market-minimum rate will govern instead of the statutory cap. To the contrary, ... Congress thought that $75 an hour was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be.

> ...

> Accordingly, we hold that section 2412(d)(2)(A) does not permit an attorney fee award above the $75 statutory ceiling based upon increases in the market rate for legal services. Limiting awards to the $75 statutory ceiling, adjusted only for general cost-of-living increases in accordance with the statutory text, effectuates Congress' intent that attorney fees be fixed at $75 per hour in 1981 dollars regardless of the prevailing market rates, yet ensures that the maximum rate will continue to provide ade-

quate compensation notwithstanding inflation.

*Id.* at 577–78; *see also Pierce v. Underwood,* 487 U.S. 552, 572, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); 28 U.S.C. § 2412. The Fourth Circuit has thus approved of using a general cost of living index, such as the CPI–U all items index, in determining how to adjust a fee award for inflation.[3] *See Sullivan,* 958 F.2d 574; *see also Collins Music Co. v. United States,* 890 F.Supp. 465, 468 (D.S.C.1995) ("A court may properly increase the statutory rate to reflect a cost of living increase by using the Consumer Price Index for All Urban Consumers."). The court will thus use the United States City Average Consumer Price Index in adjusting the statutory rate.

Defendant next argues Plaintiff should have applied the CPI–U figure for August of 2006, as opposed to August of 2007, because August of 2006 is the temporal midpoint of the thirty-one month period during which services were rendered. (*See* Resp. in Opp'n at 2.) The United States District Court for the District of South Carolina addressed a similar argument in *Ball v. Sullivan,* 754 F.Supp. 71 (1990). In that case, the defendant argued "that the adjusted rate should be calculated for each year or month in which services accrued rather than one rate applying over the whole period for which services were rendered." *Ball,* 754 F.Supp. at 74. The court rejected this argument:

> The court ... rejects the Secretary's contention that the hours claimed by petitioner on behalf of plaintiff must be broken down by year or month and varied rates calculated for each division.

The Secretary cites no authority supporting such a requirement. Nothing in the language of the statute compels such action. On the contrary, application of a single rate to all hours claimed promotes the Congressional intent behind the EAJA, which was ensuring administrative accountability and concomitantly, of lessening the financial burden on those who victoriously pursued that accountability through litigation. Adopting the position urged by the Secretary would encourage government agencies to prolong litigation in hopes of paying fees with inflated dollars. This court declines to adopt the Secretary's argument and applies one adjusted fee to all hours expended on behalf of the plaintiff.

*Id.* at 75 (internal quotation marks and citations omitted). The court thus used the "figure most closely corresponding to the close of services" in determining the appropriate adjustment to the statutory fee. *Id.* at 74; *see also Garcia v. Schweiker,* 829 F.2d 396, 402 (3d Cir.1987) ("By calculating the total fee amount by using the closest available Consumer Price Index to the date on which the plaintiff became a prevailing party, ... attorneys will receive, in today's dollars, the purchasing power to which they are entitled."); *Suggs v. Sullivan,* 754 F.Supp. 79, 80–81 (D.S.C. 1991) (declining to use a "method of computation that applies the Consumer Price Index percentage increase from the appropriate date of enactment of the EAJA to each month in which work was performed"). The court thus uses the CPI–U figure for August of 2007 in adjusting the statutory rate.

---

**3.** Defendant asserts that *Sullivan* "does not preclude the use of the local or regional CPI–U" in determining how to adjust the statutory rate of $125.00. (Resp. in Opp'n at 2.) While true, the opinion does seem to *approve* of the use of the general index Plaintiff now seeks to use. *See Dairy Maid Dairy, Inc. v. United*

*States,* 837 F.Supp. 1370, 1384 (E.D.Va.1993) ("The United States Court of Appeals for the Fourth Circuit, while not expressly endorsing the CPI–U, has suggested ... that it is an appropriate measure to calculate [cost of living adjustments] for EAJA adjustments.").

428

Because the court agrees that Plaintiff is entitled to attorney's fees at a rate of $166.92 per hour, the court awards Plaintiff $6,426.42 for attorneys fees and $250 in costs, for a total of $6,676.42.

**CONCLUSION**

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiff's Motion for Attorney's Fees is hereby **GRANTED** in the amount of $6,676.42.

**AND IT IS SO ORDERED.**