**Kimberly R. KYSER, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**Civil Action No. 3:97CV00075.**

United States District Court, W.D. Virginia, Charlottesville Division.

Jan. 19, 2000.

Charles Cooper Geraty, III, Geraty, MacQueen & Vitt, Charlottesville, VA, for plaintiff.

John F. Corcoran, U.S. Attorney's Office, Roanoke, VA, for defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

The United States Magistrate Judge B. Waugh Crigler conducted evidentiary proceedings in accordance with an Order by this court to render a report setting forth appropriate findings, conclusions and recommendation on the plaintiff's petition for the award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). On September 15, 1999, the Magistrate Judge filed his Report and Recommendation advising the court to award counsel for the plaintiff fees in the amount of $6,495.06 representing 49.25 hours of service at the adjusted rate of $131.88 per hour. The defendant filed objections to the Report and Recommendation to which the plaintiff responded. Under 28 U.S.C. § 636(b)(1)(B) & (C), this court "shall make a de novo determination of those portions of the report ... to which the objection is made." Having thoroughly considered the issue, the court will adopt the Magistrate's Report and Recommendation in part.

## I.

The facts of the underlying action are neither contested nor directly relevant to this fee dispute beyond the fact that the plaintiff was the prevailing party in a Social Security disability case against the defendant. Accordingly, the plaintiff moved this court to award attorneys' fees pursuant to the EAJA for the amount of $6,495.09. This figure accounted for 49.25 hours of service to the plaintiff, including time expended preparing the fee request, at a rate of $131.88 per hour. The defendant opposed the hourly rate sought by the plaintiff as well as the alleged number of hours spent on the case.

## II.

Under the EAJA, a qualified prevailing party in a civil action brought by or against the United States may be awarded attorney's fees "unless the court finds that the position of the United States was substantially justified or that the special circumstances make an award unjust." *Miller v. Bowen,* 639 F.Supp. 832, 834 (E.D.N.C.1986) (quoting 28 U.S.C. § 2412(d)(1)(A)). There is no opposition in this case that the plaintiff was indeed the prevailing party in the underlying suit. However, attorney's fees and expenses under the EAJA must be reasonable. *See* 28 U.S.C. §§ 2412(b), (d)(2)(A) (West 1994). Hence, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Discretion lies with the district court to determine a reasonable fee award. *See* § 2412(b); *May v. Sullivan,* 936 F.2d 176 (4th Cir.1991) (per curiam).

The defendant challenges the Magistrate Judge's decision to award attorneys' fees on five bases: (1) the plaintiff's counsel should have calculated his time in ten (10) minute increments rather than quarter-hour increments; (2) the time to draft the complaint in the civil action should not have been included in the total hours spent on the case; (3) counsel spent an unreasonable amount of time in drafting the briefs in support of the plaintiff's case; (4) counsel spent an unreasonable amount of time in customizing his form EAJA petition to the facts of this case; and (5)

counsel should not receive a cost of living increase for his hourly rate.

### A. Billing Increments

■ The defendant challenges the plaintiff's method of timekeeping in fifteen minute intervals as it tends to artificially inflate the number of hours recorded. Accordingly, the defendant requests that the court slash five hours from plaintiff's claim because of counsel's decision to use this billing method. As the plaintiff notes, the defendant does not specify a single entry that it believes is an example of such "artificial inflation," but rather challenges the system as a whole. The court finds the authority cited by the defendant to support this request to be unpersuasive.

In *Miller v. Bowen*, 639 F.Supp. 832 (E.D.N.C.1986), after a line by line analysis of counsel's hours, the court found that his hours were excessive. *Id.* at 835. The court did not make a general ruling that quarter-hour billing increments should be deemed unreasonable. In addition, in *Echols v. Nimmo*, 586 F.Supp. 467 (W.D.Mich.1984), the court specifically determined that charging a quarter-hour for several 2–3 minute telephone calls was unreasonable, and thus, reduced the hours that the attorney could receive fees. However, in the case at hand, the defendant neglected to specifically pinpoint any actions taken by plaintiff's counsel that possibly should receive similar treatment. Because the cases cited by the defendant can be distinguished from the present case, the defendant's objection to counsel's billing method is overruled.

### B. Time Spent Drafting the Complaint

■ The defendant argues that the time spent drafting the complaint cannot be considered in an EAJA fee award because the proceedings occurred before the judicial action commenced, and therefore, should be considered service at the administrative level. The EAJA does not prohibit the awarding of fees for time expended in preparation for the filing of a civil action. Indeed, "[t]o the extent that such hours can be attributed to the civil action, they are permissible under the EAJA," even though the hours were undertaken before the filing of the complaint. *Pollgreen v. Morris*, 911 F.2d 527, 536 (11th Cir.1990). The Magistrate Judge found, and this court agrees, that time employed in drafting a complaint is not service at the administrative level, but rather, is the initial step in the judicial process. However, the court also finds that spending three hours drafting such a complaint is excessive and unreasonable for an individual of counsel's experience. Accordingly, the court deducts one hour from the total hours that counsel should be awarded for such services. Thus, although this court overrules the defendant's objection that plaintiff's counsel should not be awarded fees for the time spent drafting the complaint, it reduces the number of hours for such service to two hours.

### C. Time Spent in Drafting Briefs to the Court

■ The defendant further challenges the amount of time plaintiff's counsel spent on researching and briefing the memorandum in support of the complaint and the response to the Commissioner's objections to the Magistrate's Report and Recommendation dated March 17, 1999. Plaintiff's counsel claims a total of 30.25 hours for these services; whereas, the defendant claims that such services could have been completed by an experienced attorney, such as plaintiff's counsel, in twenty hours. The defendant puts forth no authority to support his position. Plaintiff's counsel, however, swears under oath that the hours claimed were actual hours expended and that they were recorded contemporaneously. Consequently, this court does not find that the defendant should be permitted to hypothesize the appropriate length of time for researching and drafting such memorandum. As such, the defendant's objection to the fees awarded for hours expended prepar-

ing court memorandum is overruled and the plaintiff's counsel will be awarded a fee for the full 30.25 hours.

### D. Time Spent Drafting the EAJA Petition

■ The three hours spent on preparing the EAJA petition, along with the supporting documents and memorandum are also being contested by the defendant. To support this challenge the defendant cites *Shortt v. Apfel*, No. 98–00088, (W.D.Va. April 7, 1999). The attorney in *Shortt* also spent three hours preparing his EAJA petition. It was the Judge's opinion that the particular petition was not thorough enough to expend three hours, and thus, reduced the number of hours the attorney could be awarded fees. Further, the Judge also believed that the attorney in *Shortt* abused the EAJA by attempting to receive attorney's fees for purely clerical work such as pulling a file from a filing cabinet. Claims of this nature are fact specific, and thus, should be viewed on a case-by-case basis. Consequently, this case can be distinguished from *Shortt*. The court agrees with the Magistrate's finding that the fee petition in the present case was extremely thorough and could have taken three hours to complete. As a result, the court overrules the defendant's objection to the amount of time spent preparing the EAJA petition.

### E. Cost of Living Increase

Counsel not only challenges the amount of time that the plaintiff's attorney can claim, but also the rate of pay. The EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii) (West Supp. 1999). The plaintiff contends that there has been a cost of living increase from 1996 when the rate was fixed at $125.00 per hour. To support this contention the plaintiff offers that the CPI has increased 5.5% over the four years.

■ The defendant argues that this evidence is not enough to justify a cost of living increase. The defendant cites two recent cases in the Western District of Virginia as authority for denying the cost of living increase. In *Collins v. Jones*, No. 97–00275 (W.D.Va. Apr. 7, 1999), Judge Jones sitting in Big Stone Gap denied such an increase as it was not "extraordinary enough to justify exceeding the maximum rate." Even more persuasive is the fact that Judge Turk in *Sowers v. Apfel*, No. 97–0142 (W.D.Va. July 28, 1999), denied a cost of living increase for a case within the Charlottesville Division finding that "$125 per hour is ample compensation in this case." The court recognizes that it recently granted a cost of living increase in *Johnson v. Apfel*, No. 98–00023 (Jan. 6, 2000); however, the *Johnson* case can be distinguished as the defendant did not object to the increase. In the case at bar, an objection has been filed with the court. Consequentially, this court will align itself with the other Western District courts in denying an increase above the maximum rate. Thus, the defendant's objection in regards to the cost of living increase is sustained and the Magistrate's Report and Recommendation regarding this issue shall not be adopted.

### III.

The court overrules the defendant's objections in regards to the plaintiff's method of billing and the number of hours expended in drafting briefs to the court and the EAJA Petition. However, regarding the number of hours spent drafting the Complaint, the court finds that the hours requested by plaintiff's counsel to be excessive and unreasonable, and thus, will deduct one hour from the total time. Additionally, the court sustains the defendant's objection regarding the cost of living increase. As a result of these findings, counsel for the plaintiff should be awarded fees in the amount of $6,031.25 represent-

ing 48.25 hours of service at the rate of $125 per hour.

An appropriate order this day shall issue.

### ORDER

By Order dated July 15, 1999, this court referred the above-captioned case to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommendation, subject to review by this court, on the plaintiff's July 12, 1999 petition for the award of attorneys' fees under 28 U.S.C. § 2412 and 5 U.S.C. § 504, the Equal Access to Justice Act ("EAJA"). On September 15, 1999, the Magistrate Judge filed his Report and Recommendation, granting the plaintiff's petition.

The defendant filed objections to the Report and Recommendation on September 30, 1999, and the plaintiff filed a response to the objections on October 12, 1999. Under 28 U.S.C. § 636(b)(1)(B) & (C), this court "shall make a de novo review determination of those portions of the report ... to which the objection is made." After a thorough examination of the defendant's objections, the supporting memoranda, the applicable law, the documented record, and the Report and Recommendation, this court overrules the defendant's objections with the exception of the objection relating to the cost of living increase. For the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

i. The Magistrate Judge's Report and Recommendation will be ADOPTED in part;

ii. The defendant's September 30, 1999 objections to the Report and Recommendation of the United States Magistrate Judge are OVERRULED with the exception of the objection to the cost of living increase which is SUSTAINED. Additionally, one hour shall be subtracted from the plaintiff's total hours as three hours to draft a complaint in such action was found to be excessive;

iii. The plaintiff's petition for attorneys' fees under the EAJA shall be, and it hereby is, GRANTED. However, the court exercises its discretion in modifying the petition so that plaintiff's counsel shall receive an award of $6,031.25 representing 48.25 hours of service to the plaintiff at a rate of $125 per hour.

The Clerk of the Court is hereby directed to send a certified copy of this Order to Magistrate Judge B. Waugh Crigler and to all counsel of record.