**Annie M. GOUGH, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. CIV. A. 3:99CV00011.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

March 2, 2001.

Charles Cooper Geraty, II, Geraty, Mac-Queen & Vitt, Charlottesville, VA, for Plaintiff.

Alonzo Long, U.S. Attorney's Office, Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

On May 23, 2000, the Magistrate Judge issued a Report and Recommendation advising the court to award attorneys' fees in the amount of $4837.50, representing 38.7 hours of work by Plaintiff's counsel, C. Cooper Geraty and James E. Hutchins, at an hourly rate of $125.00. Both parties timely filed objections to the Report and Recommendation. The court has performed a *de novo* review of those portions of the Report and Recommendation to which objections were made. *See* 28 U.S.C. § 636(b)(1)(C).

## I.

Pursuant to the Equal Access to Justice Act (EAJA), the plaintiff's attorneys are entitled to a fee award if the plaintiff was the prevailing party, the position of the government was not substantially justified, no special circumstances make the fee award unjust, and the fee petition was timely filed. *See* 28 U.S.C. § 2412(d)(1)(A) (West Supp.2000); *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir.1991) (listing requirements for fee eligibility). The court finds, and the Commissioner does not object, that the plaintiff's attorneys satisfy the above-listed EAJA requirements and, therefore, are entitled to an award of attorneys' fees.

## II.

■ Attorney fees and expenses under the EAJA must be reasonable. *See* 28 U.S.C. §§ 2412(d)(2)(A). Counsel for the prevailing· party has an ethical duty to make a good faith effort to exclude "excessive, redundant, or otherwise unnecessary" hours from counsel's fee petition. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *quoted in Kyser v. Apfel,* 81 F.Supp.2d 645, 646 (W.D.Va. 2000). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); *Pierce v. Underwood,* 487 U.S. 552, 571, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), *cited in May v. Sullivan,* 936 F.2d 176, 177 (4th Cir.1991).

The Commissioner objects to the Magistrate Judge's recommended award of attorneys' fees on four bases: (1) compensation for pre-complaint activity should be eliminated; (2) clerical or paralegal activities should not be compensated at the attorney rate; (3) the number of hours recommended for case preparation are excessive and should be reduced; and (4) the number of hours for EAJA petition preparation is excessive and should be reduced. Plaintiff's counsel responded to the objections of the Commissioner and also timely filed an objection to the Report and Recommendation, arguing that the hourly rate should be increased for cost of living adjustments. The parties' five objections to the Report and Recommendation shall be addressed seriatim.

## A.

■ The Magistrate Judge recommends that Plaintiff's counsel be compensated for the eight tenths of an hour attributed to pre-complaint activity. The Commissioner argues that time spent preparing the complaint and application to proceed in forma pauperis ("IFP") are not compensable because such time is attributable to administrative rather than court-related activity. The Magistrate Judge found that there were eight tenths of an hour of compensable pre-complaint activity. The Commissioner argues that there were two and one half hours of such activity, and accordingly requests that the court strike two and one-half hours from Plaintiff's counsel's petition.

■ The EAJA does not prohibit compensation for time expended in preparation for the filing of a civil action. *See Kyser,* 81 F.Supp.2d at 647; *Pollgreen v. Morris,* 911 F.2d 527, 536 (11th Cir.1990). The court recognizes the duty of counsel to familiarize himself with the case before going forward with the same. *See* Fed. R.Civ.P. 11. Thus, certain pre-complaint activities are necessary and, to the extent that they are reasonable, shall be compensated. *See Webb v. Board of Educ. of Dyer County, Tenn.,* 471 U.S. 234, 243, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985); *In re General Motors Corp.,* 110 F.3d 1003, 1024 (4th Cir.1997). The two and one half hours of work performed by Mr. Geraty prior .to the initiation of this lawsuit are reasonable, in light of the total hours claimed by Mr. Geraty in this matter. *See infra,* Part II.B. Thus, the court overrules the Commissioner's objection that Plaintiff's counsel is not entitled to compensation for two and one half hours of pre-complaint activity in this case.

## B.

█ The Commissioner also objects to the Magistrate Judge's recommendation that the five hours which the defendant claims are clerical or paralegal in nature should be compensated at the attorney rate, due to the nature of intensive client contact in social security matters. Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *In re General Motors Corp.*, 110 F.3d 1003, 1024 (4th Cir.1997). However, there are many activities which fall into the "gray area" of tasks which may appropriately be performed by either an attorney or a paralegal. *See Jenkins*, 491 U.S. at 288 n. 10, 109 S.Ct. 2463. The Fourth Circuit has upheld compensation at the full attorney rate for certain tasks in the gray area on the basis that there is no single, correct way to staff every lawsuit and, sometimes, it is more economical and efficient for attorneys to do "non-legal" work. *See Spell v. McDaniel*, 824 F.2d 1380, 1401–02 (4th Cir.1987).

The Commissioner highlights multiple time entries of Plaintiff's counsel which the Commissioner contends are clerical or paralegal in nature. Specifically, the Commissioner challenges twenty-two entries representing five hours of time billed by Mr. Geraty. None of the challenged tasks are purely clerical in nature. Some of the tasks, however, do fall into the category of tasks which may properly be staffed by an attorney or a paralegal, depending on the particular case. *See, e.g., Jenkins*, 491 U.S. at 288 n. 10, 109 S.Ct. 2463 (listing tasks). Yet, based on the fact that the amount of time billed by Mr. Geraty in this case (prior to the fee petition) totals seven and six tenths hours, the court finds it reasonable that Mr. Geraty personally performed the five hours of service to which the Commissioner has lodged an objection.[1] Accordingly, the objection to the five hours is overruled.

## C.

█ The Commissioner further objects to the recommendation of the Magistrate Judge that Plaintiff's counsel be compensated for twenty-nine and two tenths hours for complaint preparation, transcript review, research, and brief preparation, including the fee petition. The Commissioner's position is that the hours requested are excessive, and recommends eighteen hours as a more appropriate figure.

█ While the petitioner bears the burden of establishing entitlement to an award and producing records in support thereof, the district court has the discretion to determine the amount of the award. *See Hensley*, 461 U.S. at 437, 103 S.Ct. 1933. Plaintiff's counsel vigorously asserts the necessity of the time expended in furtherance of the underlying litigation. The twenty-six page brief submitted on behalf of the plaintiff in this case dealt with an in-depth factual and legal analysis of the plaintiff's administrative record (which exceeds 300 pages). The brief was presumably the product of effective legal work because, subsequent to filing of the brief, the Commissioner submitted a joint motion for remand. The Commissioner offers no direct evidence of excessive or unnecessary efforts, but maintains that the work took too long. The court acknowledges the thorough and effective legal work of Plaintiff's counsel in this case, and encourages work of the same caliber in the future. However, upon thorough review of the un-

---

1. The court notes that the Commissioner's challenge to these five hours as being clerical or paralegal, combined with the two and one half hours of Mr. Geraty's time challenged, infra Part II.A., represent all but one tenth of an hour of Mr. Geraty's time billed on the determination of this case (prior to the fee petition). (Def. Resp. to R & R at 3, 4) (objecting to all but 4/30/99, Review, sign and return Magistrate consent, 0.1). The court finds that it is the position of the government, not the plaintiff, that is unreasonable in this respect.

derlying case and the fee petition, finds that the total amount sought is excessive. Thus, the court shall deduct four and two tenths hours from the time sought, thereby reducing the amount the Magistrate Judge recommends from twenty-nine and two tenths to an award of twenty-five hours.

### D.

■ The Commissioner's final objection is to the recommended award for Plaintiff's counsel's preparation of the response to the defendant's opposition to the EAJA petition. Plaintiff's counsel claimed eight and one half hours for EAJA their defense of the EAJA petition. The Magistrate Judge found this time to be excessive and recommended an award of two hours. The plaintiff does not object to the recommendation, but the Commissioner objects and requests that the amount be further reduced to one hour. The court finds that Plaintiff's explanation of the time expended responding to the government's opposition to the award in this case is sufficient to justify the two hours recommended by the Magistrate Judge. Accordingly, the Commissioner's objection shall be overruled and Plaintiff's counsel shall be compensated for two hours of time expended in response to the governments EAJA opposition.

### E.

The plaintiff has lodged but one objection to the Report and Recommendation, challenging the Magistrate Judge's denial of the cost of living adjustments sought by Plaintiff's counsel. For the reasons stated in the recently published opinion of, *Bright v. Apfel*, 121 F.Supp.2d 929, 929 (W.D.Va. 2000) (holding that upward adjustments for increases in the cost of living are not warranted in the Western District of Virginia in Social Security disability cases, for the purpose of determining attorney's fees under the Equal Access to Justice Act), the plaintiff's objection shall be denied and the plaintiff shall be compensated at an hourly rate of $125.00.

### F.

■ Finally, Plaintiff's counsel have submitted a second supplemental affidavit, seeking compensation for an additional two and nine tenths hours expended in response to the Commissioner's objections to the Report and Recommendation. The Commissioner objected to four separate aspects of the Report and Recommendation. The response from Plaintiff's counsel was appropriate and appears to have been performed in a reasonable amount of time. The court shall award the additional two and nine tenths hours.

### III.

In conclusion, the court finds it reasonable to compensate Plaintiff's counsel for a total of thirty-seven and four tenths hours. Although the government is within its right to make certain challenges to those fees which it considers excessive, the challenge to all but six minutes of the lead counsel's individually billed time borders on the absurd. Just as the court requires the amounts petitioned for by the plaintiff to be reasonable, the court likewise requires the defendant's objections to the petition to be reasonable.

For the foregoing reasons, Plaintiff's counsel shall be compensated for thirty-seven and four tenths hours at an hourly rate of $125.00, totaling $4675.00.